## TERRY v. LITTLE.

1. Where a bank charter provides that on the failure of the bank "each stock-
   holder shall be liable and held bound . . . for any sum not exceeding twice
   the amount of . . . his . . . shares," — *Held*, 1. That a suit in equity by or
   for all creditors is the appropriate mode of enforcing the liability incurred
   on such failure. 2. That, were an action at law maintainable by one cred-
   itor, the stockholders must be separately sued, as their liability is several.
2. *Pollard* v. *Bailey* (20 Wall. 520) cited and approved.

ERROR to the Circuit Court of the United States for the
Western District of North Carolina.

By sect. 4 of the charter of the Merchants' Bank of South
Carolina, at Cheraw, it was provided that, in case of the failure
of the bank, " each stockholder, copartnership, or body politic
having a share or shares in the said bank at the time of such
failure, or who shall have been interested therein at any time
within twelve months previous to such failure, shall be liable
and held bound individually for any sum not exceeding twice
the amount of his, her, or their share or shares." It is alleged
in the declaration that the bank failed March 1, 1865. The
general assets have since been collected and applied to the
payment of debts, under the provisions of an act of the legisla-
ture of South Carolina, passed March 13, 1869, placing the
bank in liquidation. Debts to the amount of several hundred
thousand dollars are still unpaid. The capital stock was
$400,000, divided into shares of $100 each. Of these shares
the defendant Benjamin F. Little owned at the time of the fail-
ure one hundred and ten, and John P. Little one hundred and
fifty-eight. On the 21st of August, 1875, Terry, the plaintiff,
commenced an action at law in the court below, against the
defendants jointly, to recover from them, on account of their
individual liability as stockholders, $5,440, the amount due
him from the bank on its bills which he held. The defendants
demurred to the declaration, and among others assigned for
cause, in substance, — 1, that the individual liability of the
stockholders as created and defined by this charter could not
be enforced in an action at law by one creditor for his sole use
to the exclusion of others; and, 2, that even if it could, the

defendants cannot be joined in one such action because their liability is not joint but several. The Circuit Court sustained the demurrer and gave judgment for the defendants. This writ of error has been brought to reverse that judgment.

*Mr. Harvey Terry* for the plaintiff in error.

*Mr. Joseph J. Davis, contra.*

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

The individual liability of stockholders in a corporation is always a creature of statute. It does not exist at common law. The first thing to be determined in all such cases is, therefore, what liability has been created. There will always be difficulty in attempting to reconcile cases of this class in which the general question of remedy has arisen, unless special attention is given to the precise language of the statute under consideration. The remedy must always be such as is appropriate to the liability to be enforced. The statute which creates the liability may declare the purposes of its creation and provide directly or indirectly a remedy for its enforcement. If the object is to provide a fund out of which all creditors are to be paid share and share alike, it needs no argument to show that one creditor should not be permitted to appropriate to himself, without regard to the rights of others, that which is to make up the fund.

The language of the charter is peculiar. The stockholders are not made directly liable to the creditors. They are not in terms obliged to pay the debts, but are " liable and held bound . . . for any sum not exceeding twice the amount of . . . their . . . shares." This, as we think, means that on the failure of the bank each stockholder shall pay such sum, not exceeding twice the amount of his shares, as shall be his just proportion of any fund that may be required to discharge the outstanding obligations. The provision is, in legal effect, for a proportionate liability by all stockholders. Undoubtedly, the object was to furnish additional security to creditors, and to have the payments when made applied to the liquidation of debts. So, too, it is clear that the obligation is one that may be enforced by the creditors; but as it is to or for all creditors, it must be

enforced by or for all. The form of the action, therefore, should be one adapted to the protection of all. A suit at law by one creditor to recover for himself alone is entirely inconsistent with any idea of distribution. As the liability of the stockholder is not to any individual creditor, but for contribution to a fund, out of which all creditors are to be paid alike, the appropriate remedy is by suit to enforce the contribution, and not by one creditor alone to appropriate to his own use that which belongs to others equally with himself. We think this case comes clearly within the rule laid down in *Pollard* v. *Bailey* (20 Wall. 520), to which we adhere.

The second ground of demurrer is equally fatal. The liability of the stockholders is several and not joint. Each stockholder is bound for his own share and no more. No judgment can be rendered against him for what another should pay. It follows that in an action at law each stockholder must be separately sued. In equity it is different, for there the decree can be moulded to suit the exigencies of the case, and each stockholder can be held liable and proceeded against for what he is bound to pay, and no more. Undoubtedly, under the provisions of some charters, suits at law may be maintained by one creditor against one or more of the stockholders. The form and extent of a statutory liability of this kind depend upon the particular phraseology of the statute which creates the liability. All we decide is that, under this charter, the suit to enforce the liability should be in the nature of a suit in equity, by or for all creditors, and that it cannot be at law by one creditor for himself alone, against two stockholders who are not jointly liable on account of the shares standing in their respective names.

*Judgment affirmed.*