## SCHMIEDER *v.* BARNEY.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

Submitted November 26, 1884.—Decided March 2, 1885.

The act of July 14, 1862, § 9, 12 Stat. 553, imposes, as a duty, "On all de-
laines . . . . and on all goods of similar description, not exceeding in
value forty cents per square yard, two cents per square yard : " *Held,* That
the similarity required is a similarity in product, in adaptation to uses, and
in uses, even though in commerce they may be classed as different articles ;
affirming *Greenleaf* v. *Goodrich,* 101 U. S. 278.

It is competent to inquire of a witness in a suit to recover back duties paid
under this clause of the act of 1862 whether the words " of similar descrip-
tion " is a commercial term, and if so what is its commercial meaning ; but
it is not competent to inquire whether the particular goods, alleged to have
been improperly subjected to duty, were of similar description to delaines.

The language of- tariff acts is construed as having the same meaning in com-
merce that it has in the community at large, unless the contrary is shown.
*Swan* v. *Arthur,* 103 U. S. 598, to this point, affirmed.

The facts which make the case are stated in the opinion of
the court.

*Mr. A. W. Griswold* and *Mr. Sidney Webster* for plaintiffs
in error.

*Mr. Solicitor-General* for defendant in error.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
The only fact in issue in this case on the trial below was
whether the " Saxony dress goods " imported by the plaintiffs
in error were " goods of similar description " to " delaines,"
within the meaning of that term as used in the tariff act of
July 14, 1862, ch. 163, § 9, 12 Stat. 553. To maintain this
issue on their part, the plaintiffs in error called a number of
merchants and commercial experts, by whom they offered to
prove that, in trade, among merchants and importers, " Saxony
woven dress goods" were not, in 1861 and 1862, and prior

thereto, "commercially known or considered as goods of similar description to delaines," "but commercially belonged to another class, that of woven dress goods, classed as different articles, and kept in a different department of goods from the family of printed dress goods, known as delaines." Other witnesses, who were commercial experts, were asked, in substance, whether, in their opinion, the goods which had been imported by the plaintiffs in error were known in trade among merchants, in 1861 and 1862, as goods of similar description to delaines. All this evidence was excluded by the court, and exception taken. 5 Fed. Rep. 150. That ruling is now assigned for error.

In *Greenleaf* v. *Goodrich*, 101 U. S. 278, decided by this court at the October term, 1879, after the trial below in the present case, it was held that it was not error to charge the jury (p. 283) "that the similarity referred to in the expression 'goods of similar description,' in the act of 1862, is a similarity in respect to the product, and its adaptation to uses, and to its uses, and not merely to the process by which it was produced, and that if a class of goods were not, in 1862, commercially known as delaines, it does not follow that they were not goods of similar description, within the meaning of the statute;" or to charge that "these words are to be taken and understood in their popular and received import, as generally understood in the community at large at the time of the passage of the act."

In reference to this, and other portions of the charge then under examination of a like import, this court said, speaking by Mr. Justice Strong (p. 284): "Notwithstanding the strenuous objections urged against such a submission to the jury, we think it was correct. At least it was quite as favorable to the plaintiffs as they had the right to demand. Reliance is placed upon the rule, which we admit to be established, that the commercial designation of an article among traders and importers, when such designation is clearly established, fixes its character for the purpose of the tariff laws. But the present is not a case of commercial designation of articles. The phrase 'of similar description' is not a commercial term, and, if it were, there is no evidence in the record to show what it is understood

to mean among merchants and importers." To this ruling we adhere, notwithstanding what is said in the able argument which has been presented to us on behalf of the present importers. It is quite true that, in the case then presented, the fact that delaines were "woven in the gray," that is to say, in the natural color of the materials of which they were composed, and not in colors, as was the case with "Saxony dress goods," was much relied on as showing that the dress goods were not of a similar description with delaines; but the real point for decision was whether goods must be commercially classified with delaines to make them of "similar description." It was there decided that if they were similar in product, in adaptation to uses, and in uses, they were of similar description, even though in commerce they might be classed as different articles. Upon that question the decision in *Greenleaf* v. *Goodrich* must be taken as conclusive.

It is contended, however, that in this case the plaintiffs in error went further than was done in that, and that they offered to prove that in commerce "Saxony dress goods" were not considered as of "similar description" to delaines. It is argued that this brings the case within what should be taken as an exception reserved in the former decision. The exception claimed is drawn from the following clause in the opinion: "The record exhibits nothing tending to show what was commonly understood among merchants as distinguishing goods, known in commerce as of a similar description with delaines, from all other goods. Nor was there any evidence that there were any goods known by merchants, or in commerce, as goods of similar description with delaines, much less was it in proof that being woven in the gray was regarded by merchants as determining that goods so woven were not of similar description with delaines. In regard to all these matters the record is silent. Composed, as the goods were, of the same materials as delaines, having a similar general appearance, and intended for the same uses, they might well have been of similar description with colored delaines, though there were differences in the process of manufacture."

Undoubtedly the language of tariff acts is to be construed

according to its commercial signification, but it will always be understood to have the same meaning in commerce that it has in the community at large, unless the contrary is shown. *Swan* v. *Arthur*, 103 U. S. 597, 598. The most that can be claimed for the alleged reservation in *Greenleaf* v. *Goodrich* is, that it would have been proper to inquire whether the phrase "of similar description" was a commercial term, and if so, what it was understood by merchants and importers to mean. That, however, is not what was attempted in this case. The witnesses were asked, in effect, not what the words "of similar description" were understood among commercial men to mean, but whether the goods of these importers were known in commerce as goods of similar description to delaines.

The effort was to put the opinion of commercial experts in the place of that of the jury upon a question which was as well understood by the community at large as by merchants and importers. This it was decided in *Greenleaf* v. *Goodrich* could not be done, and upon the point supposed to have been reserved in that decision this case stands just where that did. The testimony offered was, therefore, properly rejected.

The opinions of the collector of the port and of the board of official appraisers were no more admissible on this question than those of any other competent experts.

The judgment is                                                *Affirmed.*