ALFRED L. MILLER *et al. vs.* EMMA C. SMITH.

PROVIDENCE—APRIL 29, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Stockholders' Liability. Creditors' Bill to Enforce Liability. Construction of Statutes.*

The statutes of Colorado provide that "shareholders in banks shall be held individually responsible for debts, contracts, and engagements of the said associations in double the amount of the par value of the stock owned by them respectively."

A bill in equity was brought by citizens of Colorado, creditors of an insolvent banking corporation of said State, on behalf of themselves and all other similar creditors, against a citizen of Rhode Island, the owner of ten shares of said bank, under said statute. On demurrer:—

*Held*, that, by the construction placed upon this statute by the Supreme Court of Colorado, which was binding upon this court, the liability imposed upon stockholders was to contribute proportionally with others to a fund sufficient to pay the debts of the corporation, and that this liability must be ascertained in a forum where the amount of debts could be ascertained and the proportionate liability to contribute could be adjusted among the stockholders.

*Held*, further, that such an action must be brought ordinarily in the State where the corporation was located; since there only could its obligations be ascertained, its officers be controlled, and its assets marshalled.

*Held*, further, that proceedings to enforce the proportionate liability of stock-

holders in other States should not be permitted until such liability had been ascertained in the domicile of the corporation.

*Held*, further, that, where the obligation of the stockholder is secondary to that of the corporation and proportional to that of other stockholders, it will not be enforced in other jurisdictions unless the equities between all stockholders and all creditors can be administered.

*Held*, further, that the bill should be dismissed.

BILL IN EQUITY to enforce statutory liability of stockholder of a foreign corporation resident in this State, under foreign statute. Heard on demurrer to bill, and demurrer sustained.

DOUGLAS, J. This is a bill in equity, brought by citizens of Denver, Colorado, who were depositors in and now are creditors of the State Bank of Monte Vista, a corporation organized under the laws of the State of Colorado, and which has become insolvent and has assigned its property for the benefit of its creditors, on behalf of themselves and all other similar creditors of said bank who may choose to come into the case, against a citizen of Rhode Island who was the owner of ten shares of the capital stock of said bank at the time said deposits were made.

The bill states these facts and alleges further that at the time of the failure the bank owed the complainants $3,950.63, of which 19½ per cent. has been paid, leaving now due to them $3,180.26; that the capital stock of the bank was $80,000, divided into 800 shares of $100 each. That the total amount of the indebtedness of the bank at the time of the failure was $80,651.64. That the laws of the State of Colorado, at the organization of said bank and now in force, provided as follows, Laws of 1885, 264, § 1, 1 Mills Anno. Stats. § 533: "Shareholders in banks, savings banks, trust, deposit, and security associations shall be held individually responsible for debts, contracts, and engagements of the said associations, in double the amount of the par value of the stock owned by them respectively;" and that by virtue of this statute the respondent is individually indebted to the complainants and all others similarly situated, in the sum of two thousand dollars with interest from the 15th day of June, 1899, at eight per cent. per annum.

To this bill the respondent demurs, on the grounds:—

First, that it does not appear by the bill that the assets of the bank have been exhausted.

Secondly, that the statute of Colorado, upon which the respondent's liability is founded, ought not to be enforced by this court.

Thirdly, that the Colorado statute contemplates a proceeding in equity in that State by the creditors of the corporation against all the stockholders thereof, for the purpose of establishing a *pro rata* liability, and until such proceeding has been had this court can not justly enforce the liability against a single stockholder.

(1)     It is important, in the first place, to consider the exact purport of the statute under which the claim is made. There is no uniformity among the several States in the provisions of their statutes on this subject, and hence the diversity of opinion of the courts as to these obligations is very great.

The Colorado statute went into effect March 25, 1885, and was construed by the Supreme Court of that State at the September term, 1898, in the case *Zang* v. *Wyant*, 25 Col. 551.

The court there distinguished two classes of statutes, imposing upon stockholders liability beyond their subscriptions for stock for the debts of the corporation. One class imposes a primary and direct liability, such as a member of a copartnership is subject to, towards the creditors of the firm, and another class provides only for contribution to a fund to be distributed by a court of equity amongst the creditors generally.

The court, adopting the view taken by the Supreme Court of the United States in construing a similar statute in *Terry* v. *Little*, 101 U. S. 216, and by the Court of Appeals of New York in *Pfohl* v. *Simpson*, 74 N. Y. 137, expressly place the statute under consideration in the second class. They quote with approbation the words of Chief Justice Waite: " Undoubtedly, the object was to furnish additional security to creditors, and to have the payments when made apply to the liquidation of debts. So, too, it is clear that the obligation is one that may be enforced by the creditors; but as it is to or for all creditors,

it must be enforced by or for all. The form of the action, therefore, should be one adapted to the protection of all;" and also from the opinion by Judge Folger, in the New York case: "A suit in equity laying hold of all the stockholders in like category and promoted for the benefit of all creditors having like interest, is peculiarly adapted to work out exactly just and equitable results. . . . The object and effect is only to bring to one forum the determination of rights, which must, if prosecuted separately, more or less conflict to mutual harm. Before that one forum, in one suit, the respective rights and the respective liabilities can be ascertained and determined, and each get his own, and be subjected to his own, and not another's. And the equities between the respective stockholders can also be adjusted and settled," and add: "We are satisfied that both upon reason and authority the additional liability of stockholders imposed by our statute constitutes a fund for the benefit of all the creditors, which may be pursued in equity for their common benefit, by or for all."

The opinion holds, further, that this remedy is in the hands of the creditors and is not available to the assignee, as the fund is no part of the assets of the corporation as unpaid subscriptions would be; that after insolvency the remedy is immediately available; that in any such action all defences to the claims are open to the respondents; that the extent of the liability is double the amount of the par value of the stock in addition to any balance of subscription remaining unpaid, and that interest on the claims is recoverable.

Upon the extent of liability the court quote again from. *Terry* v. *Little*, *supra:* "This, as we think, means that on the failure of the bank each stockholder shall pay such sum, not exceeding twice the amount of his shares, as shall be his just proportion of any fund that may be required to discharge the outstanding obligations."

There can be no doubt from these expressions of the court and the language of the quotations which they adopt, that the liability imposed on a stockholder by this statute, in their opinion, is to contribute proportionally with other stockholders

to a fund sufficient to pay the debts of the corporation, and that this liability must be ascertained in a forum where the amount of debts can be ascertained and the proportionate liability to contribute can be adjusted among the stockholders. If the construction placed upon their own statute by the Colorado court is correct, and such construction is held to be binding upon other courts—*Pulsifer* v. *Greene*, 52 Atl. Rep. 921; *Bell* v. *Farwell*, 176 Ill. 489; *Hancock National Bank* v. *Farnum*, 176 U. S. 640—their conclusion as to the remedy is unquestionable.

In *Cuykendall* v. *Miles*, 10 Fed. Rep. 342, Lowell, C. J., says: "The supreme court hold that the mode in which a liability of this sort is to be enforced depends entirely upon the particular law governing the corporation. If that law merely provides for a proportionate liability of all stockholders for all debts, there should be a bill in equity for the benefit of all the creditors and against all the stockholders. *Pollard* v. *Bailey*, 20 Wall, 520; *Terry* v. *Tubman*, 92 U. S. 156; *Terry* v. *Little*, 101 U. S. 216."

Such an action must, in ordinary cases, be brought in the State where the corporation is located. There only can its obligations be ascertained, its officers be controlled, and its assets be marshalled. There will usually be found most of its stockholders, and only there can their mutual rights and obligations be adjusted.

It is not enough that one creditor sues for all who may choose to come in; there should be some actual representation of the body of creditors in the prosecution of the suit, which will insure that the contribution enforced by the suit shall go into the common fund. Whether any such representation for the purpose of collecting outside contributions is provided for by the law of Colorado, we need not inquire.

In *Zang* v. *Wyant*, *supra*, the court say that the assignee could not enforce the liability.

In *Terry* v. *Little*, 101 U. S. 216, it is said by Chief Justice Waite: "If the object is to provide a fund out of which all creditors are to be paid share and share alike, it needs no argument to show that one creditor should not be permitted to

appropriate to himself, without regard to the rights of others, that which is to make up the fund."

Whatever proceedings may be proper to enforce their proportionate liability upon stockholders in other States, such proceedings can not be equitably taken until such liability has been ascertained in the state of the domicile of the corporation. Nothing could be more unjust than to permit a creditor or a number of creditors to recover from a foreign stockholder to the full limit to his liability, when other stockholders residing in the home State were only required to contribute a less proportion of the value of their stock.

In the case at bar, as pointed out by defendant's counsel, it appears by the bill that the capital stock was $80,000; hence the maximum liability of the stockholders for the payment of debts is $160,000. The indebtedness is $64,000, which is 40 per cent. of the total liability. If suit were brought in Colorado only this 40 per cent. might be assessed against a resident stockholder, while in this suit 100 per cent. is demanded.

These principles are not founded upon any doubtful discriminations as to the essential nature of the obligation. Courts which carry the practice of interstate comity to the farthest limit agree that where the obligation of the stockholder is secondary to that of the corporation and proportional to that of other stockholders, it will not be enforced in other jurisdictions unless the equities between all stockholders and all creditors can be administered.

A few citations from the multitude of decisions on this subject will illustrate this.

In *Cleveland Co.* v. *Kent*, 87 Hun. 329, it was held that an action in equity to enforce the liability under the Ohio statute of stockholders of an insolvent Ohio corporation is not maintainable in the courts of New York. The court say:

"If this were an action at law to enforce a statutory liability for a right given by an Ohio statute to an individual creditor against an individual stockholder, then this court would have, and could assume, jurisdiction. Where, however, an action in equity is necessary, and where, as here,

what is sought is an accounting between creditors and stockholders to enforce a remedy given by the Ohio statute, in which suit it is necessary to have a marshalling of assets and an accounting between creditors and stockholders and a determination of the amount of liability respectively of each individual stockholder, such a suit, in the absence of the corporation itself, and in the absence of all those interested in the accounting, notably creditors, over whom it is not shown that the court can acquire jurisdiction, should not be maintained in this state."

In *Howarth* v. *Lombard*, 175 Mass. 570, 575, decided in 1900, the court say, of the obligation of a stockholder imposed by the law of a foreign State: "Such a right ought to be enforceable. Inasmuch as the nature of it and the method of enforcing it depend upon the statute which enters into the implied contract, we must look to the statute to ascertain its extent and the manner of enforcing it. If it is of such a nature as to call for local proceedings in the state where the corporation is, in order to adjust equities, such proceedings must be had, and it can not be made effectual without them. Most of the cases in which creditors of foreign corporations have been refused relief in this commonwealth have shown rights which, under the statutes creating them, could not properly be enforced without proceedings in the foreign state whereby equities could be adjusted. In the present case, as the statute has been construed, it is plain that no action can be maintained against a stockholder until after proceedings in a court of Washington, showing the insolvency of the corporation and the need of payment to satisfy the claims of creditors. After such proceedings and an adjustment of the rights and liabilities of the corporation, of creditors, and of stockholders, collection can be made from stockholders wherever they are found."

*Kirtley* v. *Holmes*, 107 Fed. Rep. 1, was a case decided in the United States Circuit Court of Appeals for the Sixth Circuit, brought to enforce the liability of a resident of Kentucky who was a stockholder in an Ohio corporation. In that case suit had been brought in Ohio, and the amount assessable

upon each stockholder had been determined. The court say, p. 6: "Is the remedy afforded by the courts of Ohio of such a peculiarly local nature that it would be inequitable to undertake to enforce it in another jurisdiction? Will such enforcement work a hardship and inflict an additional burden upon foreign stockholders? It may be admitted that, if such will be the effect of undertaking to enforce the liability, a court of another jurisdiction will withhold relief. *Fourth Natl. Bank of N. Y.* v. *Francklyn*, 120 U. S. 747. In that case Mr. Justice Gray, delivering the opinion of the court, said: 'In all the diversity of opinion in the courts of the different states upon the question how far a liability imposed upon stockholders in a corporation by the law of the state which creates it can be pursued in a court held beyond the limits of that state, no case has been found in which such a liability has been enforced by any court without a compliance with the conditions applicable to it under the legislative acts and judicial decisions of the state which creates the corporation and imposes the liability. To hold that it could be enforced without such compliance would be to subject stockholders residing out of the state to a greater burden than domestic stockholders.' "

*Aultman's Appeal*, 98 Pa. St. 505, which is an apparent exception to this statement, is disapproved in *Post & Co.* v. *Toledo Railroad*, 144 Mass, 342, but may be distinguished from other ordinary cases by the fact that all the creditors and all the stockholders of the corporation were residents of Pennsylvania.

Two cases have been recently decided in the Circuit Court of Appeals for the First Circuit, the court being differently constituted in each case, but both the opinions having been delivered by Judge Aldrich, in which the necessity for preliminary action in the court having jurisdiction of the corporation is insisted on.

The case of *State Bank of Cleveland* v. *Sayward*, 86 Fed. Rep. 45, was begun in the United States Circuit Court for the district of Massachusetts, by a creditor of an Ohio corporation against stockholders, residents of Massachusetts. It was dismissed by Judge Colt, who held that "a bill in equity can not be

maintained by a creditor to enforce the liability of a stockholder in a corporation organized under the laws of another state," quoting, from *Post* v. *Railroad Co.*, 144 Mass. 345, the words of Chief Justice Field: "This court does not take jurisdiction of a suit to enforce this liability of stockholders in a foreign corporation, not because it would be a suit to enforce a penalty, or a suit opposed to the policy of our laws, but because it is a suit against a foreign corporation which involves the relation between it and its stockholders, and in which complete justice only can be done by the courts of the jurisdiction where the corporation was created. . . . If an assessment is to be laid upon the members or stockholders, or a contribution enforced from them, according to the law of the state under which the corporation is created, the courts of that state alone can afford complete and effectual judicial relief."

The case came up in the Circuit Court of Appeals, 91 Fed. Rep. 443, and was decided January 19, 1899.

After citing the decisions of the court of Ohio, holding that the obligation under the statute was contributive and required an equitable action to enforce it, the court very clearly demonstrate the impossibility of doing justice to the parties in a court which has not jurisdiction of the corporation and only of a portion of the stockholders and creditors. Amongst other things, the court say: "In this case, with a joinder of parties which includes neither all the creditors, all the stockholders, nor the debtor corporation, administering this law in another jurisdiction upon lines of comity or right, as it may be, we ought not to be expected to do what the state court, administering the law of the state creating the liability, would not and could not fairly and equitably do in a like proceeding with like parties. . . . Should this court, upon statutory grounds, on lines of comity, give an extraterritorial remedy beyond that of the parent forum? Should this court, upon lines of equity or comity, give to an Ohio creditor a remedy against a Massachusetts stockholder which the Ohio statute and home forum denies to an Ohio creditor under like circumstances against a Massachusetts stockholder, and which

it denies to an Ohio creditor against an Ohio stockholder under like circumstances?''

In *Hale* v. *Hardon*, 95 Fed. Rep. 747, decided May 31, 1899 a receiver especially appointed by a Minnesota court to enforce the statutory liability of stockholders in a Minnesota corporation brought an action at law in the Massachusetts district in aid of an equity proceeding in the corporate domicile. A majority of the court sustained the action. In the course of the very careful argument of the majority it is said: ''In a recent case in this circuit, involving the Ohio statute (*State Bank of Cleveland* v. *Sayward*, 91 Fed. Rep. 443), some observations were made as to what the Ohio statute contemplated as to procedure, and what was intended should be done in the home state before liability under that statute could be enforced extraterritorially, without intimating what would have been done in that case if the joinder and ascertainments contemplated by such statute had been made. Relief was denied therein, for the reason that what was contemplated as to ascertainments and joinder had not been done.'' And again, p. 754: ''To enforce extraterritorially the individual stockholder liability created by statute, and to entitle the creditors, or the parties representing them, to judgment, it is encumbent upon plaintiffs to show that the ascertainments intended by the statute have been made.''

In *Bates* v. *Day*, 48 Atl. Rep. 407, the Supreme Court of Pennsylvania refused to entertain a suit brought by several creditors of a Colorado bank against a single stockholder residing in Pennsylvania, because the corporation and the other stockholders were not parties. The court say: ''No authority has been cited to sustain the right to a separate bill in equity, in a foreign jurisdiction, by part of the creditors, against part of the stockholders, where the corporation is not a party. On the contrary, the trend of judicial opinion is the other way. In *Cushing* v. *Perot*, 175 Pa. St. 73, our Brother Mitchell points out the advantage of an action for the benefit of all creditors, saying: 'In this manner the rights of all will be protected, and justice be done in a single proceeding, in which

every one will get what is his due. No one will be called upon to pay more than his fair proportion; and the expense, delay, and inevitable occasional injustice of separate actions by different creditors against different stockholders, with their attendant legion of resulting actions for contribution, will be avoided. This is so consonant with convenience and natural justice, as well as with our own settled procedure in analogous cases, that we will not be easily moved to depart from it. '''

The principle asserted by these opinions is so reasonable that further citation of authorities seems to us unnecessary.

The third ground of the respondent's demurrer must be sustained, and we need not discuss the other objections to the bill.

*Edward D. Bassett*, for complainants.

*Edwards & Angell*, for respondent.