## In Equity.

### C. B. ABBOTT et als., *vs.* HENRIETTA D. GOODALL et als.

### Cumberland.    Opinion May 27, 1905.

*Equity.    Insolvent Foreign Corporation.    Jurisdiction.    Procedure and Practice.
Colorado Session Laws, 1885, page 264, sect. 1.*

A suit in equity by creditors of an insolvent Colorado corporation, on behalf of themselves and other creditors who may choose to come in, against Maine creditors alone to enforce their double liability under the statute of that state, Session Laws of Colorado, 1885, page 264, section one, cannot be sustained.

The statute contemplates only a pro rata contribution by all the stockholders, sufficient to satisfy creditors.    Hence only a suit in equity to which the corporation is a party, brought for the benefit of all creditors against all the stockholders, can be maintained.

The courts of Maine have no jurisdiction over the corporation.    The court of Colorado which has such jurisdiction is the only court which can finally ascertain the deficiency of assets and the amounts due the several creditors. The stockholders also by virtue of their membership in the corporation are within the jurisdiction of that court so far as is necessary for the determination of their rights and liabilities among themselves.

Matters of procedure and practice are governed by the law of the forum where the remedy is sought. The rights of a citizen of the forum should not be prejudiced or the public policy of the state controverted. It is against the policy of this state to enforce a remedy against its citizens upon a liability created by a statute of Colorado, which places them in a worse position than that occupied by citizens of that state whose liability under the same statute is sought there to be enforced.

On appeal in equity by plaintiffs. Appeal dismissed.

Bill in equity brought in the Supreme Judicial Court, Cumberland County, by four hundred and fifty plaintiffs, all of Colorado, as creditors of the State Bank of Monte Vista, a corporation organized under the laws of and located in Colorado, on behalf of themselves and such other creditors of said Bank as might join, to enforce the Colorado statutory liability of the defendants, citizens of Maine, as stockholders in said Bank. All of the several defendants demurred to the bill either generally or specially. The Justice of the first instance sustained the demurrers and decreed that the bill be dismissed. From this decree, the plaintiffs appealed.

All the material facts are stated in the opinion.

*D. A. Meaher, George W. Heselton, and Tolles & Cobbey,* for plaintiffs.

*Allen & Abbott,* for Henrietta D. Goodall, Ruth W. Goodall, Ida F. Illigan, and E. M. Goodall, Admr., defendants.

*Anthoine & Talbot,* for James A. Spaulding, defendant.

*Reuel Robinson and Eben Winthrop Freeman,* for Fred Lewis, A. F. Miller, and Emma D. Sherman, defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, JJ.

POWERS, J. Appeal from the decree of a single justice sustaining the defendant's demurrer and dismissing the bill.

This suit is brought to enforce the statutory liability of the Maine stockholders in the State Bank of Monte Vista, a corporation organized under the laws of and located in the State of Colorado. The plaintiffs, four hundred and fifty in number, aver that they are creditors of said bank to the amounts stated opposite their respective names, that they appear in behalf of themselves and all other

creditors of said bank who have joined or may hereafter be joined with them in the suit, that the bank became insolvent on June 15, 1889, and made an assignment under the laws of Colorado of all its assets to an assignee who entered upon his duties and is now acting as such assignee, that prior to the bringing of this bill the estate of said bank has been fully administered and all the assets disposed of and distributed by said assignee among its creditors in accordance with the laws of Colorado, that the plaintiffs have no power to collect further from said bank and that the bank has no further assets but has a large amount of indebtedness still unpaid.

·Of the demurrers of the several defendants some are general and some are special, but all the matters relied upon are defects in the jurisdiction or the substance of the bill, viz., for want of equity, for want of necessary parties, for multifariousness and for want of necessary jurisdiction and power in the court to enforce the statute of Colorado.

At common law the shareholders of a corporation were under no individual liability to its creditors beyond the extent of their subscription to its capital stock. Such liability where it exists is always a creature of statute. The statute of Colorado, Laws of 1885, page 264, section 1, creating such liability is set out in the bill and is as follows: "Shareholders in banks, savings banks, trusts, deposit and security associations shall be held individually responsible for debts, contracts· and negotiations of the said associations in double the amount of the par value of the stock owned by them respectively." The bill further alleges that under and by virtue of the statutes of the State of Colorado each and every stockholder of said corporation agreed to assume and did assume liability for the indebtedness of said corporation, in the case of deficiency or insufficiency of corporate assets to liquidate such indebtedness, in double the amount of the par value of his stock; that each fully agreed in case of such deficiency to pay or contribute for the equal benefit of the creditors of such corporation such amount, not exceeding double the par value of the stock held by each stockholder, as might be required to make up the deficiency.

The nature and extent of the stockholders' liability is to be determined ·by the statute creating it.   In the interpretation of a statute great weight should be given to the construction put upon it by the court of last resort of the state of its enactment.   In *Zang* v. *Wyant*, 25 Colo. 551, the Supreme Court of Colorado say: "We are satisfied that both upon reason and authority, the additional liability of stockholders imposed by our statute, constitutes a fund for the benefit of all the creditors which may be pursued in equity for their common benefit, by or for all."   The fund thus created, however, is not the primary resource for the payment of the debts of the corporation.   It constitutes no part of its assets.   The liability of the defendants is collateral to the principal obligation which still rests upon the corporation, the State Bank of Monte Vista, and is conditional upon its insolvency or an inability to enforce payment against it by the ordinary process.   The general statute of Colorado above recited makes the defendants, "individually responsible" for the debts of the bank.   While, however, each stockholder is thus made individually liable for the bank's debts, in case of any deficiency of the corporate assets, to the extent of double the amount of the par value of his stock, his fellow stockholders are under the same liability, and if he pays more than his share, they can be compelled to contribute to him the excess so paid.   As between creditors and· stockholders, each stockholder is severally liable to all the creditors, but as between themselves each stockholder is to. pay in proportion to his stock.   As against the corporation the stockholder also has a claim for reimbursement to the full extent of the amount which he is compelled to pay.   In *Terry* v. *Little*, 101 U. S. 216, the charter of the Merchants Bank of South Carolina provided that in case of failure of the bank "each stockholder should be liable and held bound individually for any sum not exceeding twice the amount of his shares," language very similar to that in the Colorado statute. The court there said:   "This we think means that on the failure of the bank each stockholder shall pay such sum, not exceeding twice the amount of his shares, as shall be his just proportion of any fund that may be required to discharge the outstanding obligations.   The provision is in legal effect for a proportionate liability of the stockholders."

Such being the nature and extent of the defendants' liability, in what manner is it to be enforced? When the statute creating the liability provides a special remedy it can be enforced in no other manner. *Fourth Nat. Bank of N. Y.* v. *Francklyn,* 120 U. S. 747. In the case before us the statute of Colorado provides no remedy. Under such conditions, both upon authority and reason, the proper remedy is by a suit in equity by or for all the creditors and against all the stockholders and the bank itself. The amount of the creditors' claims and the extent of the deficiency of the corporate assets must be judicially ascertained and declared, *Gillen* v. *Sawyer,* 93 Maine, 167. Otherwise the defendants might be compelled to litigate these questions each time that they sought to enforce contribution in another jurisdiction. This should be done once for all, and can only be done in a proceeding to which the corporation is a party. Judgments are binding upon parties and their privies, and every stockholder in a corporation is so far a privy in interest in an action against the corporation that he is bound by the judgment against it. *Bank* v. *Farnum,* 176 U. S. 640. " He is so far an integral part of the corporation that in view of the law he is privy to the proceedings touching that body of which he is a member. " *Hawkins* v. *Glenn,* 131 U. S. 329. The bank of Monte Vista is not a party to this suit and the court of this state can obtain no jurisdiction over it. The court of Colorado which has jurisdiction of the corporation is the only tribunal which can finally ascertain the deficiency of assets and the amounts due the several creditors. The stockholders also by virtue of their membership in the corporation are within the jurisdiction of that court so far as is necessary for the determination of their rights and liabilities among themselves. *Howarth* v. *Lombard,* 175 Mass. 577; *Bank of North America* v. *Rindge,* 154 Mass. 207.

It is urged that the court of Colorado in *Zang* v. *Wyant,* supra, has decided that neither the corporation or its assignee need be a party to the suit. We do not so understand that decision. After deciding that they need not be made parties plaintiff the court said: " Conceding that, for the purpose of a complete determination of all the rights involved they should have been made parties defendant, — the failure to do so cannot be considered here, because the

appellants, by answering over after demurrer, on the ground of defect of parties, have waived the right to raise the question on appeal," page 566. Admitting, however, that the decision on this point in *Zang* v. *Wyant*, is as claimed by the plaintiffs, still it would not bind this court. This is not part of the substantive provisions of the statute creating the defendants' liability. It relates solely to the procedure and practice under it. Such matters are governed by the law of the forum where the remedy is sought. *Drinkwater* v. *Portland Marine Ry.*, 18 Maine, 35. Neither is it difficult to distinguish this case from *Pulsifer* v. *Green*, 96 Maine, 438. There the creditors of a Kansas corporation, having obtained a judgment against it in that state, brought an action at law against a single creditor in Maine. The remedy sought was provided in the statute creating the liability and, as we have seen, was exclusive. Here no method of enforcing the liability created is provided by the statutes of Colorado, but the plaintiffs seek to maintain a suit in equity against part of the stockholders and without joining the State Bank of Monte Vista, contrary to the familiar rule of equity practice that all persons interested in the subject matter of the suit should be made parties, in order that the whole controversy may be finally settled in one suit and at one time.

The suit in its present form is more oppressive and burdensome upon Maine stockholders than would be a suit in Colorado against stockholders resident there; for the court there would have power to compel the bank to become a party. The rights of a citizen of the forum should not be prejudiced or the public policy of the state controvened. *Childs* v. *Cleaves*, 95 Maine, 498. It is against the policy of this state to enforce a remedy against its citizens upon a liability created by a statute of Colorado, which places them in a worse position than that occupied by the citizens of Colorado whose liability under the same statute is sought there to be enforced. In other words, the defendants should not suffer because they are citizens of Maine. A suit in equity in the home of the bank itself, is peculiarly adapted to work out just and equitable results. In this way only can a legion of actions for contribution be avoided, in each one of which the amount of each of the plaintiffs' debts might be a

subject of litigation, and in which the burden of proof upon that issue would be upon these defendants in courts having no jurisdiction over the corporation and no control over its officers, books or papers. The corporation is an indispensable party to a suit in which the amount of its debts is involved. *Wetherbee* v. *Baker*, 35 N. J. Eq. 507.

*Bates et al.*, v. *Day*, 48 Atl. Rep. 407, was a bill in equity brought by certain creditors of the Colorado Savings Bank, an insolvent corporation, against a Pennsylvania stockholder whose liability was created by the same statute we have been considering. It was held by the Supreme Court of Pennsylvania that the corporation was a necessary party and the decree below dismissing the bill was affirmed.

*Miller et al.*, v. *Smith*, 58 Atl. Rep. 634, was a suit in equity by creditors of this same State Bank of Monte Vista, for and in behalf of themselves and such other creditors as might choose to come in, against a stockholder a citizen of Rhode Island to enforce his double liability under the same statute. It was held that the suit would not be entertained, the statute contemplating only a pro rata contribution by all the stockholders sufficient to satisfy all the creditors, and only a suit to which all the creditors and all the stockholders were parties being adequate to work out the equities.

Finally *Clark* v. *Knowles*, 187 Mass. 35, is a case precisely the same as the one at bar. It was there held by the Massachusetts court that a suit in equity by creditors of a Colorado corporation, on behalf of themselves and other creditors who may choose to come in, against a Massachusetts stockholder to enforce his double liability, under Laws Colo., 1885, p. 264, section 1, could not be maintained, the statute contemplating only a pro rata contribution by all the stockholders sufficient to satisfy all the creditors; and that only a suit in equity to which the corporation is a party brought by all the creditors against all the stockholders can be maintained.

The three cases last cited are the most recent utterances of courts of high authority involving the very question presented in the case before us.

For want of necessary parties the defendants demurrer was rightly sustained and the bill dismissed.

*Decree affirmed.    Appeal dismissed with costs.*