## UNITED STATES v. MANDEL BROS. (No. 1980).[1]

1. CONSTRUCTION, PARAGRAPH 356, TARIFF ACT OF 1913—"JEWELRY."
    Prima facie, an article in chief value of material neither precious stone nor precious metal, nor an imitation of either, is not jewelry commonly so called. American Bead Co. v. United States (7 Ct. Cust. Appls., 18; T. D. 36259).

2. EVIDENCE—PRESUMPTION THAT COMMON AND COMMERCIAL MEANINGS COINCIDE.
    Presumptively the commercial meaning of language is the same as its common meaning.

3. BONE ARTICLES—JEWELRY.
    Articles made of bone are not jewelry.

4. EVIDENCE—REPORT OF APPRAISER MADE AFTER LIQUIDATION.
    The report of the appraiser, made to the collector after liquidation, that the merchandise is commercially known as jewelry is not evidence, the classification having been made prior to the receipt of such report upon the report which the appraiser had already made to the collector.

[1] T. D. 38294 (38 Treas. Dec., 165).

5. EVIDENCE—CONFLICT OF PRESUMPTIONS.

    The report of the collector stated that "certain articles of bone [watch charms] were classified as 'returned by the appraiser as jewelry.'" Presumptively the collector's classification is correct. Articles of bone are not commonly known as jewelry. Presumptively commercial and common meanings are the same. The collector's classification of articles of bone as jewelry can be correct only if it be shown that they are commercially known as jewelry. With no evidence as to commercial designation, the decision of the Board of United States General Appraisers sustaining the protest against their classification as jewelry under paragraph 356 and claiming classification as manufactures of bone under paragraph 368 of the act of 1913 is affirmed.

## United States Court of Customs Appeals, February 21, 1920.

APPEAL from Board of United States General Appraisers, Abstract 43104.

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Samuel Isenschmid*, special attorney, of counsel), for the United States.
Submitted on record by appellee.

[Oral argument Oct. 14, 1919, by Mr. Hanson].

    Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

    MONTGOMERY, Presiding Judge, delivered the opinion of the court:
    The merchandise involved was assessed for duty by the collector "as returned by the appraiser" as jewelry, under paragraph 356, act of 1913. The protest claimed the goods dutiable as manufactures of bone, the return showing the articles to be articles of bone. The board sustained the protest and ordered reliquidation, holding the goods properly dutiable as manufactures of bone under paragraph 368 of the act. The sole question in the case is whether there was evidence before the board to justify the conclusion reached.
    The only evidence as to the character of the imported articles is the designation of them as articles of bone, and the statement that they are returned by the appraiser as jewelry, if we exclude a subsequent statement by the appraiser, made after the classification had been made by the collector. But the facts above stated are the only ones which were before the collector when, on March 13 and 14, 1918, he liquidated the entries. All parties appear to have assumed that the articles were watch charms, so it may be fairly said that the articles were in chief value of bone and were intended to be worn on or about the person.
    Is the legal inference that the articles are jewelry to be indulged? We have held that prima facie an article in chief value of material neither precious stone nor precious metal, nor an imitation of either, is not jewelry commonly so called. American Bead Co. *v.* United States (7 Ct. Cust. Appls., 18; T. D. 36259), in which case it was said:

Without attempting a fixed definition of jewelry or to declare a hard and fast line of distinction between these competing paragraphs, the recitals therein by Congress,

taken in connection with well-known general incidents of jewelry, real and imitation, are notably significant. Jewelry as therein indicated and in the common conception is composed of the precious metals or imitations thereof; or, of precious or semiprecious stones, pearls, or imitations thereof, or cameos, coral, or amber, including artificial, synthetic, or reconstructed pearls, rubies, or other precious stones, strung or set.

. Common conception of what constitutes a named article of necessity resides in its physical attributes as presented to the vision. While the caprice of fashion or the advantages of trade may in trade vary this understanding, it is only commercially and not commonly so, for the common acceptation remains the same, notwithstanding the periodical appearance of what may commonly be regarded as unusual personal adornments, denominated possibly by interested trade as jewelry. Undoubtedly, therefore, the common acceptation of jewelry readily refers the mind to articles made from the precious metals, and stones and imitations thereof.

It is urged in the Government's brief that the presumption arising in favor of the legality of the collector's action would be that the assessment of the articles as jewelry establishes their status as such. But the same report shows that the articles are articles of bone. This being true, they could only be jewelry if commercially known as jewelry. The presumption is that a bone article, according to the rule laid down in the American Bead Co. case above quoted, is not commonly known as jewelry. This is not only true as a matter of law, but it carries with it the presumption that the commercial meaning is the same. Swan v. Arthur (103 U. S., 597 at p. 598), in which case it was said:

While tariff acts are generally to be construed according to the commercial understanding of the terms employed, language will be presumed to have the same meaning in commerce that it has in ordinary use, unless the contrary is shown.

See also Schmieder v. Barney (113 U. S., 645 at p. 647) and American Bead Co. v. U. S. (7 Ct. Cust. Appls., 161 at p. 164; T. D. 36465), in which case it was said:

Commercial designation is a fact to be proved * * * In the absence of competent proof of that fact the presumption is, and the collector was warranted in so assuming, that the commercial and common usage as to the articles were the same.

Now we have not overlooked the statement, signed by the appraiser, stating that these articles are commonly and commercially known as jewelry. But in the same case of American Bead Co. v. United States (7 Ct. Cust. Appls., 161; T. D. 36465) it was held that the report of the appraiser, made after liquidation, which accompanied the return of the collector, was not evidence that the articles were commercially known as jewelry, the classification having been made prior to that time, and upon such report as the appraiser had then made to the collector.

So in this case the report having been made and liquidation having been had, the subsequent statement of the appraiser to the collector was not evidence of the fact of commercial designation. National Hat Pin Co. v. United States (5 Ct. Cust. Appls., 435; T. D. 34971).

The collector is the only one who can make the classification, and he recites that they were returned as jewelry. It being now determined by us that bone articles are not jewelry in the common acceptation of the term, it follows that there was nothing before the collector which justified their assessment as jewelry.

*Affirmed.*