### UNITED STATES *v.* HIRSCH CO. (No. 2368) [1]

JEWELRY—JET.

### United States Court of Customs Appeals, July 3, 1925

APPEAL from Board of United States General Appraisers, Abstract 46714

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*William H. Futrell,* special attorney, of counsel), for the United States.

*Frank L. Lawrence* for appellee.

[Oral argument Nov. 18, 1924, by Mr. Futrell]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The merchandise in this case consists of earrings, brooches, and pins made of jet. The articles were classified as jewelry under the first clause of paragraph 1428 of the Tariff Act of 1922. No samples are before us and no testimony was taken before the Board of General Appraisers, the case being submitted upon the record, in which the appraiser's report is by agreement included, and which report is as follows:

The merchandise covered by this protest consists of fine quality of jet jewelry comprising earrings, brooches, pins, etc. Although the Board of General Appraisers and the courts have decided that jet jewelry under former tariff acts was not jewelry, it is believed, by reason of the additional language in paragraph 1428 providing for jewelry "of whatever material composed," that these articles being valued above 20 cents per dozen pieces are dutiable under said paragraph.

The importer protested, claiming the goods to be dutiable as jet articles at 50 per centum under paragraph 233, or as earthy or mineral articles at 30 per centum or 40 per centum under paragraph 214, or as glass at 60 per centum or 50 per centum under paragraph 218 or 230,

---

[1] T. D. 41050.

or as unenumerated manufactured articles at 20 per centum under paragraph 1459, Tariff Act of 1922.

The court below sustained the protest, holding the articles to be decorated articles composed of earthy or mineral substances, not specially provided for, and dutiable as such at 40 per centum ad valorem under said paragraph 214. The Government appeals, insisting the classification of the collector should be sustained.

The judgment of the Board of General Appraisers in this case is based entirely upon the reasoning used in the opinion filed and the conclusion reached by this court in *American Bead Co.* v. *United States*, 7 Ct. Cust. Appls. 18, and *United States* v. *Mandel*, 10 Ct. Cust. Appls. 44.

Decided concurrently herewith are *United States* v. *Doragon Co. et al.*, 13 Ct. Cust. Appls. 182, T. D. 41051, and *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 190, T. D. 41052. In those cases this court has discussed fully the various questions of law involved in this appeal. The facts herein do not make necessary any other conclusion than that arrived at in the Doragon and International Forwarding Co. cases, supra. It is therefore unnecessary to repeat here what we said there.

In the case at bar the collector classified the imported goods as jewelry under paragraph 1428. Under the authority of the cases last above referred to, the presumption of correctness attaching to this classification has not been overcome, either in law or in fact. It should therefore be sustained. The judgment of the court below should be and is *reversed*.

SMITH and BARBER, Judges, dissent.