UNITED STATES *v.* A. W. FENTON Co. (No. 3085) [1]

United States Court of Customs Appeals, November 30, 1928

*Charles D. Lawrence,* Assistant Attorney General (*Fred J. Carter,* special attorney, of counsel), for the United States.

*Barnes, McKenna & Halstead* (*Samuel M. Richardson* of counsel) for appellee.

[Oral argument October 8, 1928, by Mr. Carter and Mr. Richardson]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

Merchandise known as "insulating beads" and sometimes as "lava beads" and used as electrical insulators was assessed for duty by the collector at the port of Cleveland at 55 per centum ad valorem under paragraph 218 of the Tariff Act of 1922, the pertinent part of which reads as follows:

PAR. 218. * * * all articles of every description not specially provided for, composed wholly or in chief value of glass or paste, or combinations of glass and paste, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free, 55 per centum ad valorem; * * *.

It is claimed by appellee that the articles are "beads" and dutiable as such at 35 per centum ad valorem under paragraph 1403, the pertinent part of which reads as follows:

PAR. 1403. Spangles and beads, including bugles, but not including beads of ivory or imitation pearl beads and beads in imitation of precious or semiprecious stones, 35 per centum ad valorem; * * *.

On the trial below the parties entered into the following stipulation:

It is hereby stipulated and agreed by and between the respective parties hereto that the merchandise covered by the protests and entries in the following schedule is the same as that covered by Protest 967174—to wit, certain insulating beads.

[1] T. D. 43134.

That the record in 967174 may be incorporated and the cases submitted and that 30 days may be allowed for briefs.

Counsel for importer submitted evidence for the purpose of proving commercial designation.

The Government offered no evidence.

The court below sustained the protests, and the Government has appealed to this court.

We find nothing in the opinion of the court below to indicate that the protests were sustained upon the theory that commercial designation had been established.

The court gave consideration in its opinion to two propositions, namely: First, that "The Government, by entering into the stipulation and consenting to the introduction of" the record in "the *Fenton* case, *supra,* has acknowledged this merchandise to be beads. We feel bound by the facts and the law in the *Fenton* case and follow it"; and second, that paragraph 1403 was not intended to be restricted to such beads as are ornamental in character.

We have considered the stipulation entered into by the parties. We find that it was agreed that the articles in question are "certain insulating beads." This is not an agreement that the articles are the kind of beads provided for in paragraph 1403.

In the case of *Vandegrift & Co.* v. *United States,* 15 Ct. Cust. Appls. 165, T. D. 42221, we gave careful consideration to the precise questions now before the court. After quoting dictionary definitions of the terms bugles, spangles, and beads, we said:

We are of opinion, considering the context of paragraph 1403, the provision relating to beads, bugles, and spangles contained in paragraph 1430, and the quoted dictionary definitions, that the Congress intended to restrict the provisions for "beads" to such as were ornamental or suitable for decorative purposes. It does not follow, however, that such beads are confined to purely ornamental or decorative uses. They, although ornamental in character, may, nevertheless, be used for utilitarian as well as decorative purposes. Articles, either utilitarian or ornamental in character, or possessing both characteristics, may be composed of such beads. In the case of *United States* v. *American Express Co.,* 8 Ct. Cust. Appls. 157, T. D. 37286, this court held that rosaries, composed in chief value of beads, were dutiable under the provisions of paragraph 333 of the Tariff Act of 1913 for articles composed in chief value of beads. It was there claimed that, as rosaries were not used for ornamental or decorative purposes, they were not included in the provision for articles composed in chief value of beads.

Our decision in that case disposes of the issues here. Obviously, if the Congress intended to restrict the provisions for "beads" to such as were ornamental in character or suitable for decorative purposes, proof of commercial designation would be irrelevant. We so hold.

The collector held that the articles were not ornamental nor suitable for decorative purposes. We find nothing in the record to overcome the presumption of correctness attending his classification.

The judgment is *reversed.*