The judgment of the United States Customs Court is therefore *reversed*.

UNITED STATES *v.* BARKER BROS. ET AL. (NO. 3131) [1]

United States Court of Customs and Patent Appeals, April 2, 1929

*Charles D. Lawrence*, Assistant Attorney General (*John F. Kavanagh.* special attorney, of counsel), for the United States.
*Richard Neville* for appellees.

[Oral argument February 1, 1929, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:
Twenty-five entries of silk fabrics were made by the appellees at the port of Los Angeles. These goods were classified by the collector,

---

[1] T. D. 43310.

in each instance, under paragraph 1206 of the Tariff Act of 1922, at 60 per centum ad valorem. Said paragraph reads as follows:

PAR. 1206. Plushes, including such as are commercially known as hatter's plush, velvets, chenilles, velvet or plush ribbons, and all other pile fabrics, cut or uncut, composed wholly or in chief value of silk, 60 per centum ad valorem.

The importers protested in each instance. Three protests are recited in the record, which, together with the resulting reports of the collector and the appraiser's advisory report in each case, are stipulated to be typical of all the entries involved. These protests are numbered 137195–G/5609, 79670–G/4793, and 92258–G/5098. In all instances the protests claim classification at 55 per centum ad valorem under paragraph 1205 of said act, which is as follows:

PAR. 1205. Woven fabrics in the piece, composed wholly or in chief value of silk, not specially provided for, 55 per centum ad valorem.

There is also an alternative claim in each instance under paragraph 1459, providing for manufactures not enumerated. This latter claim, however, is not urged here.

On the hearing it was stipulated that a sample offered was a representative sample of goods in question, which sample was before the court below and is now before us. It was further stipulated that the merchandise is in chief value of silk. The appraiser's reports in the various protests were offered and received in evidence without objection.

In protest 137195–G/5609 the collector reported the merchandise to be "Velvet assessed as silk pile fabric at 60%." The advisory report of the acting appraiser, in this protest, is as follows: "The merchandise covered by this protest is velvet and is properly dutiable as returned as silk pile fabric under par. 1206 * * *."

In protest 79670–G/4793, the collector reports the merchandise to be "Velvet in c/v of silk specially provided for par. 1206 at 60%." The advisory report of the appraiser, in the same protest, is "The merchandise is velvet composed in chief value silk. * * *"

In protest 92258–G/5098 the collector reports the merchandise to be "Silk pile fabric at 60%," while the appraiser, in his report on the same protest, states, "The merchandise covered by this protest was found by the examiner to be and described in his return as silk pile fabric * * *."

The sample before the court appears to be a plain silk fabric having thereon designs of cut pile, which designs do not cover the entire surface of the silk fabric. No further testimony of any kind was before the lower court for consideration. The Customs Court, in its opinion in this case, made this statement: "The sample of merchandise introduced in evidence consists of a knit fabric with irregular rows of pile thereon, which covers less than 50 per centum of the surface

of the fabric." Following this statement the court, basing its decision largely upon its construction of *McGibbon* v. *United States*, T. D. 25197, 7 Treas. Dec. 595, held that, inasmuch as the sample of merchandise before the court in this case was cloth covered with pile on a minor portion only of its surface, it could not be said to have a "substantial pile surface," and therefore could not be classified under said paragraph 1206, but should be rather classified as woven fabrics in the piece, composed wholly or in chief value of silk, under said paragraph 1205, as claimed in the various protests.

The Government has appealed from the judgment of the trial court and insists here that under the rule announced by this court in *United States* v. *Schumacher*, 3 Ct. Cust. Appls. 301, T. D. 32586, the merchandise was properly assessed for duty and that the judgment of the trial court should be reversed. In addition, the Government argues that there was no evidence in the record to impeach the reports of the collector, and that, accordingly, his classification in each case should be sustained.

We are entirely in accord with the latter claim made by the Government. The reports of the collector show that the imported goods were either velvets or pile fabrics. Both of these are specifically named in said paragraph 1206. If the goods were velvets or pile fabrics, they were *eo nomine* provided for in that paragraph and should be there classified. Incidentally it will be observed that said paragraph 1205, providing for woven fabrics of silk, only provides for such of said fabrics as are "not specially provided for." There is no "not specially provided for" clause in said paragraph 1206.

It will be presumed that the collector found all the necessary facts to enable him to classify the goods in question as he did. *United States* v. *Hiller's & Son Co.*, 16 Ct. Cust. Appls. 103, T. D. 42762; *United States* v. *Sandoz Chemical Works*, 16 Ct. Cust. Appls. 392, T. D. 43119; *United States* v. *Fenton Co.*, 16 Ct. Cust. Appls. 418, T. D. 43134; *Wo & Co.* v. *United States*, 15 Ct. Cust. Appls. 337, T. D. 42494. The finding of the collector that the merchandise was velvet or pile fabrics is equivalent to a finding that it was commonly known as such. *United States* v. *Doragon*, 13 Ct. Cust. Appls. 182, T. D. 41051; *American Bead Co.* v. *United States*, 7 Ct. Cust. Appls. 161, T. D. 36465; *United States* v. *Mandel Bros.*, 10 Ct. Cust. Appls. 44, T. D. 38294; *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 190, T. D. 41052.

There being no showing to the contrary, the commercial designation is assumed to have been the same as the common. *United States* v. *Schade*, 16 Ct. Cust. Appls. 366, T. D. 43092.

Therefore the finding of the collector was that the fabrics imported were both commonly and commercially known as velvets or pile fabrics. This being true, what is there in the record to impeach this

finding? The trial court attempted to do so by an examination of the sample, and from a finding that the surface of the sample was not 50 per centum covered by pile. We are unable to agree with the court in this conclusion. It might be possible for the trial court, or this court, by a careful and minute measurement, to conclude that the minor portion only of the sample was covered with pile. This would require, we believe, more minute consideration than is ordinarily expected of a court, especially when the exact quantity of surface so covered can be demonstrated by oral testimony. Irrespective of this fact, however, if the goods are commonly or commercially known as velvet or pile fabrics, the question of whether a substantial portion of the surface is covered with pile or not becomes immaterial. If they are commonly or commercially known as pile fabrics or velvets, they should be classified under said paragraph 1206.

There is nothing in the cases cited by appellees which necessitates a conclusion to the contrary. In the matter of *McGibbon & Co.*, T. D. 17638, the fabrics, which were upholstery goods and specifically designated in the upholstery trade as tapestries, were held by the Board of General Appraisers to be pile fabrics. On appeal by the importers the Circuit Court for the Southern District of New York, in *McGibbon* v. *United States*, 107 Fed. 265, reversed the decision of the Board of General Appraisers on the grounds that the fabric was not commercially known as a pile fabric, and that the fact that a minor portion of it was covered with pile was not sufficient to take it out of its designation as tapestry, by which it was commercially known. This judgment was affirmed by the · Circuit Court of Appeals in 113 Fed. 1021.

Exactly the same situation arose in the protest of *McGibbon & Co.*, in T. D. 25197 (7 Treas. Dec. 595). The merchandise in this latter case was tapestry cloths, having a surface partly covered with pile. The goods were known commercially as upholstery or drapery material. Therefore they were held to be manufactures of silk and not pile fabrics.

Following these cases it is said that the customs officials were in the habit of classifying articles as pile fabrics only when their surfaces were covered with pile. This practice continued until the decision of this court in *United States* v. *Schumacher & Co.*, 3 Ct. Cust. Appls. 301, T. D. 32596. In the case cited the appraiser reported that the goods had, in part, a pile surface, but were not, as a whole, substantially pile fabrics; that they were known as upholstery or drapery material, and were not commercially known as velvet or pile fabrics. On the trial before the board the testimony of several witnesses was introduced and clearly established that the goods in question had been commercially known as pile fabrics for a period of more than 30 years last past, notwithstanding the fact that the pile did not

cover the entire surface of the goods. Samples of the goods were offered, and these samples showed a portion of the surface of the cloth to have erect piles, and, in other places, certain figures embossed by means of a hot cylinder. This court then discussed the *McGibbon* cases heretofore cited and held that, the commercial designation of the goods as pile fabrics having been established, they were properly dutiable as such, irrespective of the condition of the surface of the cloth.

This conclusion was not out of harmony with the *McGibbon* cases, *supra*, but the case went off upon commercial designation, just as the *McGibbon* cases did.

In our opinion there is nothing in this record to impeach the collector's classification. The judgment of the Customs Court must, therefore, be *reversed*.