DAVID T. CLARK & others *vs.* HENRY M. KNOWLES.

Bristol.    October 24, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Equity Jurisdiction*, To enforce liability of stockholder in foreign corporation.  *Conflict of Laws.    Equity Pleading and Practice*, Parties.

A bill in equity cannot be maintained to enforce the statutory liability of a stockholder in a corporation organized in another State, upon a claim not yet reduced to a judgment, without making the corporation, or its assignee, and all the stockholders parties to the suit.

In a suit in this Commonwealth to enforce the statutory liability of a stockholder in a corporation organized in another State, the decisions of the highest court of that State as to the meaning of the substantive provisions of the statute creating the liability must be followed, but the mode of procedure and practice in giving the remedies provided by the statute depend upon the law of this Commonwealth where the relief is sought, and a decision of the other State that neither the corporation nor its assignee is a necessary party to such a suit would not be binding on this court.

Whether a creditor of a corporation organized under the laws of another State, in a suit in that State to enforce the statutory liability of stockholders, can obtain a decree against non-resident stockholders upon whom no service has been made, establishing everything that need be established in the home of the corporation, so far as to furnish a foundation for a subsequent suit against such stockholders in this Commonwealth, *quære*.

BILL IN EQUITY, filed May 6, 1903, by David T. Clark and four hundred and twenty-four other creditors of the Colorado State Bank of Grand Junction, a corporation organized under the laws of the State of Colorado, to enforce a statutory liability of the defendant under Session Laws of Col. 1885, p. 264, § 1.

In the Superior Court the defendant demurred. The judge of that court who heard the case sustained the demurrer and made a decree dismissing the bill. The plaintiffs appealed.

*H. W. Hervey*, for the plaintiffs.

*E. D. Stetson*, for the defendant.

KNOWLTON, C. J. The plaintiffs, four hundred and twenty-five in number, averring that they are the only known creditors of the Colorado State Bank of Grand Junction, a corporation, bring this bill, in behalf of themselves and all other creditors, against the defendant as a stockholder in the bank. It is alleged that the corporation is insolvent, that proceedings to wind up its affairs have been taken, that a receiver has been appointed under the laws of Colorado, and that certain dividends have been paid. It is said that a large amount of indebtedness is still unpaid, while there is but little property of the corporation that can be used to pay it.

The statute of Colorado, found on page two hundred and sixty-four of the Session Laws of 1885, is as follows: " Section 1. Shareholders in banks, savings banks, trust, deposit, and security associations, shall be held individually responsible for debts, contracts, and engagements of said associations, in double the amount of the par value of the stock owned by them respectively."

It is averred in the bill that the construction, interpretation and meaning of this statute, as determined by the court of last resort in Colorado, are in substance as follows: " Each shareholder of record at the date of the bank's failure is individually and severally liable for the debts and obligations of the bank in an amount equal to twice the par value of the stock so held by him, and this liability is in addition to and independent of any liability on account of his original subscription for the stock. This liability in double the par value of his stock, is in the nature of additional security to the creditors in dealing with the bank and constitutes a fund for the benefit and protection of all creditors. It should properly be recovered in an action brought by one or more of the creditors for the common benefit of all creditors. Neither the bank nor the assignee is interested in this fund, nor can either enforce the liability, nor is either a proper or necessary party to any action brought to enforce such recovery. The aforesaid fund is exclusively for the benefit of the

creditors, and forms no part of the assets of the corporation. While in the first instance the assets of the bank or corporation may constitute the primary or regular fund for the payment of corporate liabilities, when by reason of dissolution or insolvency an action against the corporation would be unavailing, or when the remaining assets, if any, consist of worthless or doubtful claims, or claims in litigation, the creditors are not required to wait the collection of such. The shareholders must pay promptly and take upon themselves the onus and risk as to all such claims, looking to the assignee for whatever may be realized on the remaining assets."

This statute, so interpreted, apart from the statement that neither the bank nor the assignee is a necessary or proper party to an action brought for recovery under it, of which we will speak more particularly later, shows that on the establishment of such a corporation, a fund is created in addition to the assets of the corporation, as a guaranty to creditors that the corporation's debts will be paid. It is to be collected for the protection of all creditors, each one of whom has an interest in it. While each stockholder is individually and severally liable for the payment of his share, his liability is like that of all other stockholders, and ultimately each should pay only his proper proportion, according to his ownership of stock. But this liability outside of and in addition to the liability of the corporation itself, is only collateral to it, the corporation being under the primary obligation to pay. It follows that if the stockholders or any of them, should pay corporate debts more than the excess of the indebtedness above the amount which the assets of the corporation are sufficient to pay, they could recover back the excess of their payment from the corporation; or if any one of the stockholders should pay more than his proper proportion, he would have a right to a contribution from other stockholders to reduce his loss to its proper proportion. In all essential particulars, therefore, in reference to the proper mode of giving a remedy and of adjusting the rights of the parties in interest, this statute calls for procedure similar to that referred to in many cases, namely, by a suit in equity to which the corporation is a party, brought for the benefit of all the creditors against all the stockholders. *Hadley* v. *Russell,* 40 N. H. 109. *Erickson*

v. *Nesmith*, 4 Allen, 233. *Post* v. *Toledo, Cincinnati, & St. Louis Railroad*, 144 Mass. 341. *New Haven Horse Nail Co.* v. *Linden Spring Co.* 142 Mass. 349. *Hale* v. *Allinson*, 188 U. S. 56. *Finney* v. *Guy*, 189 U. S. 335. *Terry* v. *Little*, 101 U. S. 216. *Elkhart National Bank* v. *Northwestern Guaranty Loan Co.* 87 Fed. Rep. 252. *Marshall* v. *Sherman*, 148 N. Y. 9. Ordinarily such a bill cannot be maintained elsewhere than in the State where the corporation is organized. There must be jurisdiction of the corporation as well as of the stockholders. The general principles which lie at the foundation of the decisions in the cases above cited are controlling in the present case. Accordingly, it was held in *Bates* v. *Day*, 198 Penn. St. 513, a decision under the statute now before us made since the decision in *Zang* v. *Wyant*, 25 Col. 551, interpreting the statute, that the personal liability of a stockholder in Pennsylvania could not be enforced by a bill in equity, because the corporation and the other stockholders were not made parties defendant. A like decision was made by the Supreme Court of Rhode Island in *Miller* v. *Smith*, 26 R. I. 146, which was also since the decision in *Zang* v. *Wyant*, the language of the court being in part as follows: " The Colorado statute contemplates a proceeding in equity in that State by the creditors of the corporation against all the stockholders thereof, for the purpose of establishing a pro rata liability, and until such proceeding has been had this court cannot justly enforce the liability against a single stockholder."

In reference to the statement in the bill that, under the decision of the Supreme Court in Colorado, neither the corporation nor the assignee is a proper party to the bill, we do not understand that the court has so decided. We understand the decision referred to in the bill is that in *Zang* v. *Wyant, ubi supra*, and we understand that decision to have gone on the ground that the defendants had waived their right to set up a want of proper parties by answering over after the demurrer.

But if we take the statement of the bill to be correct, as perhaps we are bound to do on this demurrer, it being a statement of the law of another State, the result is the same. Except in the last part of a single sentence which we have quoted, in reference to the necessity or propriety of making the corporation a party, there is nothing in the bill which indicates that the true

construction of the statute is different from our statement of it already made. In all other particulars there is no question about the meaning of the act according to the interpretation referred to in the bill. It is a familiar rule of pleading in equity that all persons interested in the subject matter of the suit shall be either plaintiffs or defendants, that the rights of all may be settled, complete justice be done, and future litigation prevented. This rule makes it necessary in this case to have all the stockholders joined as defendants. It makes it equally necessary to join the corporation, or its representative, the assignee. To say nothing of the importance of bringing in to defend against the claims of creditors the party which alone has knowledge of them, a court of equity will not compel the stockholders to go to trial and submit to a decree establishing claims against them, and leave the corporation at liberty to show that the claims are groundless when the stockholders afterward seek to hold the corporation upon its primary liability to the extent of the assets which may still be applicable to the payment of its debts. The corporation should be brought in, so that the decree establishing the indebtedness may be binding in favor of the stockholders against the corporation, as well as against the stockholders in favor of the creditors.

If the court of Colorado has decided otherwise, its decision is not binding upon this court. *Scott* v. *Neely*, 140 U. S. 106, 116. *Elkhart National Bank* v. *Northwestern Guaranty Loan Co.* 87 Fed. Rep. 252. *Finney* v. *Guy*, 189 U. S. 335. Its decision as to the meaning of the substantive provisions of the statute must be followed and we do not attempt to question it. But when the substantive provisions are made plain, the mode of procedure and practice in giving the remedies provided by the statute, depend upon the law of the place where the remedy is sought. We cannot give effect to the provisions of this statute in Massachusetts if it calls for remedies which, according to our rules of practice, cannot be given for want of jurisdiction of the necessary parties.

Whether in proceedings instituted in Colorado, to which the corporation is a party, creditors may have a remedy under this statute against non-resident stockholders upon whom no service is made, so far as to bind them upon the principles stated in *Howarth* v. *Lombard*, 175 Mass. 570, 577, by a decree establish-

ing everything that need be established in the home of the corporation, and thus have a foundation upon which to stand in a subsequent proceeding where service can be made upon these stockholders, is a question which we need not now decide. See *Hancock National Bank* v. *Ellis,* 172 Mass. 39, 45. Even if the remedy provided should prove to be entirely ineffectual against non-resident stockholders, it would not be a sufficient reason for our disregarding established principles and rules of practice.

The proceedings in the courts of Colorado, set out in the bill, have not determined enough to subject the defendant to a decree in favor of the plaintiffs here. It appears that he was not made a party to the suit against stockholders there. Neither the corporation nor the assignee was a party. For these reasons nothing that was determined in that suit can affect the defendant. The proceedings in insolvency do not include that which establishes liability in this case.

The recent decisions in this court and elsewhere, by which the liability of stockholders in foreign corporations has been enforced after a judgment obtained against the corporation, stand upon different grounds and need not be considered. *Hancock National Bank* v. *Ellis,* 166 Mass. 414; *S. C.* 172 Mass. 39. *Howarth* v. *Lombard,* 175 Mass. 570. *Broadway National Bank* v. *Baker,* 176 Mass. 294. *Whitman* v. *Oxford National Bank,* 176 U. S. 559. *Hancock National Bank* v. *Farnum,* 176 U. S. 640.

*Decree affirmed.*