NANCY M. FRANCIS & others *vs.* ALFRED HAZLETT, receiver.

Bristol. March 23, 1906. — May 18, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Judgment. Corporation. Equity Pleading and Practice,* Cross bill.

If by the law of another State, in which a banking corporation that has become insolvent was organized, the liability of the stockholders of the corporation for its debts can be enforced in a suit brought by the receiver only after the amount of the debts has been ascertained judicially and other corporate property has been exhausted, and if a court of that State having jurisdiction both of the subject matter and the parties in a suit brought against the insolvent corporation asking for the appointment of a receiver has made a decree declaring that the assets of the corporation have all been disposed of and the proceeds paid out

and applied by the receiver in pursuance of the order of the court, that there are adjudicated claims amounting to a large sum named, and that the corporation is wholly insolvent and has no property of any kind out of which to pay the amounts due to its creditors, and authorizing and instructing the receiver to bring suits against the several stockholders of the corporation, this decree is binding on the stockholders of the insolvent corporation in this Commonwealth who personally were not made parties to the suit in which the decree was made; and if the receiver brings actions at law in this Commonwealth against the stockholders here to enforce the decree of the other State, these stockholders cannot maintain a suit in equity to restrain the receiver from prosecuting such actions, nor can they be allowed to show that all other corporate property had not been exhausted by the receiver before the actions were brought.

The stockholders in this Commonwealth of an insolvent corporation organized under the laws of another State brought a suit in equity against the receiver of the property of that corporation appointed in the other State to restrain him from prosecuting actions at law against the plaintiffs to enforce their liability as stockholders for the debts of the corporation under a decree made by a court of the other State. The defendant filed a cross bill to enforce the liability of the plaintiffs for the debts of the corporation. *Held*, on demurrer, that the cross bill could not be maintained, as the defendant in the principal suit by bringing the actions which the plaintiffs sought to restrain had elected to proceed at law.

BILL IN EQUITY, filed on November 14, 1903, against Alfred Hazlett, the receiver of the American Bank of Beatrice, an insolvent corporation organized under the laws of the State of Nebraska, to restrain him from prosecuting certain actions at law now pending in the Superior Court against the plaintiffs to enforce their liability as stockholders under a judgment or decree of the District Court of Gage County in the State of Nebraska.

The defendant demurred to the bill. There was a hearing before *Morton,* J., who made a decree overruling the demurrer upon a single ground. The defendant appealed. The plaintiffs also appealed.

The defendant, not waiving his demurrer or appeal, filed an answer, and also, after leave obtained *ex parte* from a single justice, filed a cross bill seeking to enforce against the plaintiffs in the principal bill the payment of assessments as stockholders of the insolvent corporation. To the cross bill the plaintiffs filed a motion to dismiss as well as a demurrer. There was a hearing upon the motion to dismiss and the demurrer to the cross bill before *Lathrop,* J., who made a decree dismissing the cross bill. From this decree the defendant appealed.

The plaintiffs filed interrogatories addressed to the defendant, which he refused to answer, and the plaintiffs filed a motion that

he be required to answer the interrogatories.   There was a hearing before *Hammond*, J., who made a decree ordering the defendant to make answer, from which the defendant appealed.

A replication having been filed, the case was referred to a special master.   His report was filed, and exceptions to it were filed by the plaintiffs and the defendant.

The plaintiffs' exceptions to the master's report were as follows:

1.  Because the master excluded evidence offered by the plaintiffs in support of the disputed allegations of the bill other than the allegation of non-exhaustion of assets.

2.  Because the master ruled that the bond referred to and set out in the plaintiffs' bill was not an asset within the meaning of the statutes of Nebraska, requiring assets to be exhausted as a condition precedent to any right of action to enforce a stockholder's liability.

3.  Because the master excluded evidence offered by the plaintiffs tending to show fraudulent conduct on the part of the defendant as receiver and fraudulent procurement on the part of the receiver from the District Court of Gage County of certain decrees upon which is based his right of action in the courts of Massachusetts against the stockholders, residents and citizens of Massachusetts.

The defendant's exceptions to the master's report were as follows:

1.  The master should not have admitted any evidence upon the question whether, before the actions were brought by the defendant in the Superior Court, the assets of the bank had been exhausted.   Upon this point the defendant contends that the decrees of the Nebraska court referred to were conclusive.

2.  The questions put by the plaintiffs to the receiver Hazlett should not have been admitted; they related to the question of exhaustion of assets, which was not properly before the court.

3.  The master should have found that the title to the Keator note, or the claim of the bank against Warner on account of that note, passed to George M. Johnston, Jr., at the sale under the decree of October 18, 1897, which was confirmed by the decree of April 14, 1898.

4.  The master should have found that when the receiver

applied to the Nebraska court for an order to sue stockholders he had disposed of all the assets, including this note or claim.

5. The master should at least have found that the receiver disposed of all the assets that he knew of, or reasonably ought to have known of, and that the decree obtained on that statement of facts would not be invalid because it afterward turned out that there was an unknown claim to which the receiver had title.

The case was heard by *Braley*, J. upon the exceptions to the master's report. He ordered that a decree be entered overruling the plaintiffs' exceptions to the report and the first, second and fifth exceptions of the defendant, and sustaining the third and fourth exceptions of the defendant.

He further ruled, that upon all the facts alleged in the plaintiffs' bill and admitted by the answer, with the additional facts found by the master, the bill could not be maintained, and that it should be dismissed. At the request of the parties he reported the case, together with all questions of law raised by the several orders, rulings, decrees and appeals, for determination by this court, such decree to be entered as equity and justice might require.

*W. Keyes*, for the plaintiffs.

*H. R. Bailey*, (*E. B. Church* with him,) for the defendant.

SHELDON, J. The principal question raised is whether the plaintiffs are bound by the proceedings had in the District Court of Gage County, Nebraska, on March 5, 1895, in which the defendant was appointed receiver of the American Bank of Beatrice in that county, and by the interlocutory decree entered in June, 1898, by which the court, having found that the assets of the bank had all been disposed of, and the proceeds paid out and applied by the receiver in pursuance of the order of court, that there had been adjudicated and put in judgment claims against the bank to the amount of $32,795.08 and accruing interest and costs, and that the bank was wholly insolvent and had no property of any kind out of which to make the amounts due to its creditors, authorized and instructed the receiver to bring suits against the several stockholders of the bank. The importance of this question arises from the fact that, as is agreed by both parties, under the Constitution and laws of Nebraska, by which the substantive rights of the parties are governed, the lia-

bility of the stockholders for the payment of the debts of the bank is merely secondary, and can be enforced in suits brought by the receivers only after the amount of the debts has been judicially ascertained and other corporate property exhausted. *Farmers Loan & Trust Co.* v. *Funk*, 49 Neb. 353. *State* v. *German Savings Bank*, 50 Neb. 734. *Hastings* v. *Barnd*, 55 Neb. 93. The plaintiffs contended before the master, and offered to show, that the conditions precedent to any right of action against them had not in fact been complied with.

There is no contention that any of these plaintiffs were directly made parties to the suit in the District Court of Nebraska in which the proceedings in question were taken. If the corporation, the American Bank of Beatrice, had not been a party to that suit, undoubtedly the present plaintiffs would not have been bound by any action taken therein. This was assumed in *Clark* v. *Knowles*, 187 Mass. 35, and *Hancock National Bank* v. *Ellis*, 172 Mass. 39, 45. They would be neither party nor privy to such a suit; having no notice of its inception and no duty to make any contest in it, they would be mere strangers to it, and no rights of theirs could be affected by any findings or adjudication made therein. *Eayrs* v. *Nason*, 54 Neb. 143. But there is no dispute that the plaintiffs were stockholders in this bank; and the decrees which we are considering were made in a suit brought directly against the bank, alleging its insolvency and asking for the appointment of a receiver, and no question is made but that the bank was properly served with process and appeared, or that the court in which the suit was brought had full jurisdiction both of the subject matter of the suit and of the parties thereto. Under such circumstances, it is well settled that the stockholders of the bank are bound by the proceedings taken in the suit. *Hambleton* v. *Glenn*, 72 Md. 331. *Parker* v. *Stoughton Mill Co.* 91 Wis. 174. The decrees entered in the Nebraska court and the findings made and stated therein are conclusive in that State against both the corporation and the stockholders, and must have the like force and effect when their enforcement is sought in our courts. *Hancock National Bank* v. *Farnum*, 176 U. S. 640. The plaintiffs were bound by the provisions and laws of the State of Nebraska which entered into the contract by which they acquired their shares; they have assented to this

obligation by receiving their stock, and have subjected their rights to that extent to the jurisdiction of the Nebraska courts, and are sufficiently represented by the corporation in proceedings before those courts. *Tompkins* v. *Blakey*, 70 N. H. 584. *Childs* v. *Cleaves*, 95 Maine, 498. *Andrews* v. *Steele City Bank*, 57 Neb. 173. *Richards* v. *People*, 81 Ill. 551.

It is not necessary, however, to multiply citations for the support of these propositions. They have been settled in this Commonwealth by the decision in *Howarth* v. *Lombard*, 175 Mass. 570. In the carefully reasoned opinion by Mr. Justice Knowlton in that case it is said: " The question arises, how far these proceedings in the court of Washington are binding on the defendant. The stockholders must be assumed to have understood the statute from the first as it has been construed by the court. They must be presumed to have agreed that on the insolvency of the corporation a receiver might be appointed by the court, and the affairs of the corporation administered, and the amount of its assets and liabilities determined, and the deficiency ascertained under the order of the court, and an assessment to meet this deficiency made ratably upon all who were then stockholders. This is the only proper way of accomplishing the object of the statute, and the statute, as construed by the local courts, means this as plainly as if every part were expressed. Under the statute the stockholders impliedly agreed that if their subscriptions were in part unpaid when they were needed for creditors, they would pay the balance to the corporation or its legal representative, and that if more was needed they would also pay their proper share, up to the amount of their subscriptions, to the trustee of this additional fund, for the benefit of creditors. The determination of the questions involved are a part of the proceedings of the court in the administration of the affairs of a local insolvent corporation. The court of Washington, acting under its general authority in such administration, is the only tribunal which has jurisdiction to determine the amounts due creditors, and to collect and apply the assets of the corporation. The undertaking of the stockholders relates directly to the payment of amounts, so to be ascertained. The ascertainment is like a common case of a judgment against a corporation which is binding on stockholders. The members of such corporations, as well as the corporations

themselves, are within the jurisdiction of the local court so far as is necessary for the determination of the rights and liabilities of the corporation and its members among themselves.   In reference to this kind of liability such decisions and orders are binding on stockholders who are not before the court otherwise than by virtue of their membership in the corporation." And see the cases cited in that opinion.   Although these plaintiffs were not parties to the Nebraska suit, yet they were bound by the orders which are here in question.   *Howarth* v. *Ellwanger,* 86 Fed. Rep. 54, quoted in *Howarth* v. *Lombard,* p. 580.

The cases relied upon by the plaintiffs to support their contention that they are not bound by these orders made by the Nebraska court in the suit there pending against the bank contain nothing at variance with what has been said, and need not be particularly considered.   The argument of their counsel rests upon the fallacy that the court had no jurisdiction over the subject matter of these decrees unless the assets of the bank were in fact absolutely exhausted.   The correct position is that the court had not the right to enter these decrees until it had found the necessary facts, including the exhaustion of the corporate assets. It had jurisdiction to determine this question ; and its determination thereof is conclusive in the State of Nebraska.   *Brinkworth* v. *Hazlett,* 64 Neb. 592.   *Andrews* v. *Steele City Bank,* 57 Neb. 173.   *State* v. *German Savings Bank,* 59 Neb. 292.   *Stenberg* v. *State,* 48 Neb. 299, 316.   *Smithson* v. *Smithson,* 37 Neb. 535. That it must be given like force and effect here under the Constitution of the United States, art. 4, § 1, is settled by the decisions already cited.

It follows from what has been stated that none of the plaintiffs' exceptions to the master's report can be sustained, and that the defendant's fourth exception at least must be sustained.   It necessarily follows also that the plaintiffs' bill cannot be maintained.   It is unnecessary, accordingly, to consider the defendant's demurrer to the bill ; and the only question which remains to be disposed of is that which arises upon the defendant's appeal from the decree dismissing his cross bill.

It may be granted, as the defendant contends, that " a cross bill for relief is proper in cases where, in the original suit, all things in litigation touching the subject matter cannot be brought

before the court, but the defendant, in order to obtain a complete settlement of the controversy, is entitled to some relief which the scope of the plaintiff's bill will not afford him." Morton, J. in *Richards* v. *Todd*, 127 Mass. 167. Nor is it necessary that a cross bill should show any independent right to equitable relief, if it really involves a part of the subject matter of the original bill. *North British & Mercantile Ins. Co.* v. *Lathrop*, 70 Fed. Rep. 429. *Springfield Milling Co.* v. *Barnard & Leas Manuf. Co.* 81 Fed. Rep. 261. But the subject matter of this bill is not strictly the question whether the plaintiffs are respectively liable to pay assessments upon the stock for the benefit of creditors of the corporation; it is rather whether the conditions precedent to the defendant's right to enforce his claim that they are thus liable have been performed. Moreover, it appears that some time before the filing of the bill the defendant had brought actions at law against the respective plaintiffs for the recovery of the amounts for which he claims that they are severally liable; and it is only a several liability against each one of them that he seeks to enforce. In our opinion, he has no legal right in such a case to enforce his claims by a cross bill, but should be left to the remedy at law to which he first elected to resort.

The result is that each of the decrees appealed from must be affirmed, and that the plaintiffs' bill must be dismissed; and it is

*So ordered.*