ALFRED L. MILLER & others *vs.* ELDORA M. ALDRICH.

Worcester. March 2, 1909. — May 20, 1909.

Present: KNOWLTON, C. J., HAMMOND, ·LORING, SHELDON, & RUGG, JJ.

*Pleading, Civil*, Declaration, Demurrer. *Limitations, Statute of*, Must be pleaded in answer. *Corporation*, Foreign, Liability of stockholder. *Evidence*, Proof of foreign law.

Upon the argument of a demurrer to a declaration containing allegations in regard to the law of another State, where the counsel on both sides refer to decisions of the courts of that State to show what the law is there, this court cannot consider the cases thus cited to them upon that question, which is one of fact.

Upon the argument of a demurrer to a declaration containing allegations in regard to the law of another State, whatever is well averred in the declaration as to the law of that State must be taken to be true, being admitted by the demurrer as a fact.

The defense that an action is barred by the statute of limitations cannot be taken by demurrer.

No action can be maintained to enforce against a resident of this Commonwealth, who is a stockholder in an insolvent corporation organized in another State, a personal liability for the debts of such corporation created by the statutes of such other State, where it does not appear that the statutes of such State, as construed by its courts, have provided any remedy for the enforcement of the statutory liability which can be made available outside that State.

CONTRACT against a stockholder in a corporation organized in the State of Colorado residing at Worcester in this Commonwealth to enforce the alleged personal liability of the defendant under the statutes of Colorado. Writ dated September 17, 1907.

The declaration was as follows:

" The plaintiffs say that the defendant is a stockholder in the State Bank of Monte Vista and on June 15, A. D. 1899, and at

all times thereafter owned, and now owns sixty shares of the capital stock of said bank of a par value of one hundred dollars.

" That said bank of Monte Vista was and still is a corporation duly organized under the laws of the State of Colorado on or about August 1, A. D. 1890 ; that said bank did a general banking business in Monte Vista and Hooper in the County of Rio Grande, and in Creede in the County of Mineral, in said State of Colorado, until June 15, 1899, when said bank became insolvent, and on that day made an assignment of all its assets, under the laws of said State of Colorado, to Norman H. Chapman of said Monte Vista.

" That at the time of the organization of said bank the laws of the State of Colorado for 1885, at page 264, Sec. 1, which is now known as Sec. 533 of Mill's Annotated Statutes, provided as follows :

" ' Shareholders in banks, savings banks, trust, deposit, and security associations, shall be held individually responsible for debts, contracts, and engagements of said associations, in double the amount of the par value of the stock owned by them respectively.'

" Said section has at all times since the organization of said bank been, and now is, in full force and effect, and has been interpreted by the Supreme Court of the State of Colorado, which is the highest court of said State, to impose an individual liability upon each stockholder of said bank of double the par value of stock held by each stockholder, in addition to the amount of the subscription for said stock ; that this liability is solely for the benefit of the creditors of the bank, and constitutes a fund exclusively for the benefit of all the creditors, and forms no part of the assets of the corporation, and the right of action to enforce said liability accrues to the creditors themselves and not to the assignee of said bank.

" And the plaintiffs say that on June 9, A. D. 1905, certain creditors of said bank brought an action for and on behalf of all the creditors of said bank against said State Bank of Monte Vista, and Norman H. Chapman, assignee thereof, and all the stockholders thereof, including this defendant, in the District Court of the City and County of Denver in the State of Colo-

rado, to ascertain and fix the amount due from each stockholder to the creditors of said bank under said liability above set out, upon an accounting of all the assets and indebtedness of said bank; and that it appears from the proceedings and record in said case that judgments have been rendered against all the stockholders of said bank who reside in the State of Colorado, and $3,250 has been collected on said liability from those who are solvent and applied on the indebtedness of said bank to the creditors, and that executions have issued against all the others and been returned 'No property found.'

"And the plaintiffs say that Sec. 12 of the Civil Code of Colorado, Acts of 1887, provide as follows:

"'If the parties to the action, those who are united in interest, shall be joined as plaintiffs, or defendants, but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint, and when the question is one of a common or general interest of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all, and the court may make an order that the action be so prosecuted or defended.'

"And the plaintiffs say that under said Section 12 of the Civil Code, said court duly entered a decree on June 21, A. D. 1907, a copy of which the plaintiffs crave leave to produce at the trial of this action in proof thereof, whereby said Alfred L. Miller, Dan Workman and Phœbe C. Smith, the above named plaintiffs, were appointed to represent all creditors, and are authorized to sue for the benefit of all the creditors of said State bank and bring all necessary actions and proceedings for the purpose of collecting the stock liability from the stockholders of said bank residing outside of the State of Colorado, to the end that any and all sums so collected by them be divided ratably among the creditors of said bank in proportion to the amount of their respective claims; and by said decree it further appeared that after deducting the amounts paid by the assignee, derived from the assets and the amounts paid on the stock liability, as aforesaid, there was still due from said bank to the plaintiffs and the other creditors, the sum of $84,319.89 ; that said bank is wholly

insolvent and without money or property from which said sum can be collected in whole or in part, and that no judgment rendered therein against said bank can be collected by execution, or otherwise; that in order to raise a fund to pay the remainder of said amount, to wit, $84,319.89, still due from said bank to the plaintiffs and the other creditors, and in order that the same be prorated equally among the stockholders, according to the amount of stock held by each of them, it is necessary for the remaining stockholders, who have not paid anything to pay $53\frac{1}{2}$ per cent. of their stock liability; and by said decree, the defendant is adjudged liable to the plaintiffs upon the said number of shares to an assessment of $6,420, to be collected by the plaintiffs for the benefit of all the creditors of said bank.

" Wherefore the plaintiffs say that the defendant owes them the amount of said assessment, with interest thereon."

The defendant filed the following demurrer:

" And now comes the defendant in the above entitled cause and demurs to the plaintiffs' declaration, and assigns specially as causes of demurrer the following:

" First. It appears that under said alleged statute of Colorado as construed by the highest court of said State the alleged right of action accrued to the creditors themselves and so accrued on June 15, 1899, when said alleged bank became insolvent and made an assignment for creditors, and that said alleged rights of creditors, therefore, accrued more than six years before the suing out of the plaintiffs' writ and was barred by the statute of limitations.

" Second. That the declaration does not state a legal cause of action substantially in accordance with the rules contained in R. L. c. 173.

" Third. It appears that the plaintiffs are not statutory assignees, and are powerless to enforce in this Commonwealth the alleged rights of the creditors. [Followed by subdivisions a and b here omitted.]

" Fourth. That the pretended decree, entry whereof is alleged in the support of this action, does not appear, on the allegations of the declaration, to be such a decree as to be entitled to faith, credit or effect in the courts of this Commonwealth, and therefore does not support the action, or show any cause of action

against this defendant in favor of the plaintiffs." [Followed by subdivisions *a, b, c, d, e* and *f* here omitted.]

In the Superior Court *Gaskill,* J., overruled the demurrer, and, being of the opinion that the matter ought to be determined by this court before any further proceedings in the trial court, reported the case for determination by this court, and stayed all further proceedings except such as were necessary to determine the rights of the parties.

*T. D. Cobbey* (of Colorado) & *W. R. Bigelow,* for the plaintiffs.

*C. H. Hanson,* for the defendant.

SHELDON, J. In the argument of this case counsel on both sides have referred to the decisions of the courts of Colorado as showing the law of that State. But as any question of foreign law including the law of any other State must be treated here as a question of fact, we cannot go beyond the averments of the declaration to ascertain either the common or the statutory law of Colorado, except as we may be aided by the presumption that the common law of that State is the same as our own. *Demelman* v. *Brazier,* 193 Mass. 588, 592. *Cherry* v. *Sprague,* 187 Mass. 113. Accordingly we cannot consider or refer to any of the Colorado decisions which have been cited to us, except as evidence of the common or general law, just as we may and do refer to decisions rendered elsewhere. Whatever is well averred in the declaration as to the law of Colorado must now be taken to be true. *Hancock National Bank* v. *Ellis,* 166 Mass. 414, 419. *Hanley* v. *Donoghue,* 116 U. S. 1.

There is much ground for upholding the defendant's contention that on the face of the plaintiffs' declaration the right of action which they seek to enforce accrued on June 15, 1899, when the State Bank of Monte Vista became insolvent and made an assignment of all its assets for the benefit of its creditors, and so that this action is barred by the statute of limitations. *Bennett* v. *Thorne,* 36 Wash. 253, and cases there cited. But it does not follow that the demurrer can be sustained for this reason. That ground of defense must be taken by answer, and not by demurrer. *Hodgdon* v. *Haverhill,* 193 Mass. 327, 330, and cases there cited. *McRae* v. *New York, New Haven, & Hartford Railroad,* 199 Mass. 418. We proceed accordingly to consider other grounds of demurrer.

The plaintiffs do not seek to maintain this action as creditors. Indeed, except inferentially, there is no averment that they are themselves creditors. They rest their right upon a decree of the Colorado court by which they were appointed to represent the creditors and to collect for the creditors the amount of the corporate indebtedness which the bank is unable to pay. We do not doubt that all stockholders, including the defendant, would be bound by proceedings properly taken in the Colorado court to determine their liability. But it does not appear that the proceedings taken in Colorado were in accordance with the provisions of any statute or rule of law fixed by the decisions of its courts and in force when the defendants became stockholders and incurred their contractual liability as such. The reason for the rule adopted in *Converse* v. *Ayer*, 197 Mass. 443, *Francis* v. *Hazlett*, 192 Mass. 137, and *Howarth* v. *Lombard*, 175 Mass. 570, fails here. The difficulty is not merely as to the plaintiffs' right to sue in their own names. Though not called receivers, they yet might perhaps be shown to have become *quasi* assignees of the right of action within the rules stated in *Howarth* v. *Lombard*, 170 Mass. 570, 579, and *Bernheimer* v. *Converse*, 206 U. S. 516, 534. But the difficulty goes deeper. It does not appear that the statute of Colorado, as construed by its courts, has provided any remedy for its enforcement which can be made available outside that State. *Erickson* v. *Nesmith*, 15 Gray, 221; *S. C.* 4 Allen, 233. *Clark* v. *Knowles*, 187 Mass. 35. That did appear or was assumed, so far as we have been able to ascertain, in the cases in which, under similar circumstances, suits like this have been sustained against the domestic stockholders of foreign corporations. See, beside cases already referred to, *Bank of North America* v. *Rindge*, 154 Mass. 203 ; *Abbott* v. *Goodall*, 100 Maine, 231 ; *Pulsifer* v. *Greene*, 96 Maine, 438 ; *Miller* v. *Willett*, 4 Rob. (N. J.) 396 ; *Olson* v. *Cook*, 57 Minn. 552; *Terry* v. *Little*, 101 U. S. 216 ; *Fourth National Bank* v. *Francklyn*, 120 U. S. 747.

This action is not in any sense brought to enforce a judgment rendered by the Colorado court; it seeks only to enforce the defendant's original statutory liability. *Great Western Telegraph Co.* v. *Purdy*, 162 U. S. 329, 337, *et seq.* *Hale* v. *Allinson*, 188 U. S 56, 81. *Bennett* v. *Thorne*, 36 Wash. 253, 259. That court did not assume to give any judgment against the

non-resident stockholders. But it does not appear that there is or was in Colorado any statute or any fixed rule of law authorizing such proceedings as were had and so making them final and conclusive upon all stockholders as being represented by the corporation itself. The statute set out in the declaration merely established a rule of practice. It cannot be given any further effect.

Accordingly the order of the Superior Court overruling the demurrer must be reversed, and the demurrer must be sustained for the third reason therein assigned.

*So ordered.*