FRANK S. BUTTERWORTH, receiver, *vs.* JOHANNAH L. ROSS.

Hampden.    December 10, 1920. — April 6, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Corporation,* Foreign: assessment for unpaid balance due on stock; Receiver. *Judgment. Res Judicata. Receiver. Fraud. Estoppel. Limitations, Statute of.*

A decree of the District Court of the United States for the District of Connecticut in a suit in equity against a Connecticut corporation wherein a receiver was appointed, confirming a report of a special master relating to assessments due from certain stockholders by reason of unpaid balances due upon stock held by them and directing the receiver to collect such assessments by suits if necessary but leaving for determination in such suits by the receiver the questions, whether any stockholder acquired his particular stock in good faith and without notice of any unpaid balance thereon and the circumstances under which his particular stock was acquired by him, and whether such facts might be a defence in an action to collect the assessment or might be material in such an action, is binding upon the defendant in an action brought by the receiver against a stockholder in Massachusetts for an assessment adjudicated in the decree except as to the personal defences therein described, although such defendant received only a postal notification of the proceedings in Connecticut and never was personally served with process nor appeared therein.

In the action by the receiver against the Massachusetts stockholder above described, it appeared that the statutory law of Connecticut at the time when the defendant became a stockholder and continuing to the time of the trial was that "Every stockholder, whether an original subscriber or not, shall be liable for any balance due on the stock held by him. If a corporation is placed in the hands of a receiver . . . such receiver . . . shall have the powers of the board of directors in calling in instalments on stock;" that certain common stock held by the defendant was purchased from stock originally issued to another person, to whom it was delivered for "options and other things of claimed cash value" but no real value, which "were never put on the books of the company and never counted into the company's assets in any way" and were not delivered to the company; that the original purchaser turned the stock back to the corporation, and it then was issued to the defendant as a bonus with certain preferred stock purchased by him. *Held,* that, even if it were open to the defendant in the action in the Massachusetts court to attack the decree in the receivership proceedings in the United States District Court collaterally on the main issues of the necessity and extent of the assessments, such defence was groundless.

In the action by the receiver against the Massachusetts stockholder, above described, the defendant interposed, as a personal defence in the nature of an equitable estoppel, that he was induced to purchase the stock by misrepresentations of an agent of the corporation, not known to the purchaser to be false,

that the stock was "fully paid and non-assessable." *Held,* that, whatever remedy the defendant might have had before the appointment of a receiver of the corporation, in this action by the receiver to recover the difference between the par value of the stock and what was paid for it when issued, the liability created by the Connecticut statutes could not be avoided by reason of fraud or a misrepresentation by the corporation.

The Massachusetts stockholder, the defendant in the action above described, purchased his stock in 1908. The receiver of the corporation was appointed in 1909. Without there having been a preliminary assessment upon the stockholder, a decree was entered in the receivership proceedings in April, 1911, directing the receiver "to call upon the stockholders . . . to pay the unpaid, if any there be, par value of the stock held by each of them respectively," and to institute suits to recover such sums. In 1913, a decision was rendered in the receivership proceedings that the decree of 1911 should not have been made until there had been a preliminary assessment of the stockholders, and the suit was, referred to a master for such an assessment. In 1915, a decree was entered whereby a report by that master was confirmed, assessments accordingly were made, the "stay of proceedings against stockholders" was "vacated," and the receiver was ordered to enforce collection of the assessments. The Massachusetts action was brought in March, 1917, and the defendant set up R. L. c. 202, § 2, as a defence. *Held,* that the cause of action did not accrue as early as the time of the appointment of the receiver in 1909, and that the action was not barred by the statute of limitations.

CONTRACT by a receiver, appointed on October 5, 1909, by a decree of the District Court of the United States for the District of Connecticut, of the Gilbert Transportation Company, a Connecticut corporation, against a Massachusetts stockholder upon an assessment ordered by a decree of that court dated March 17, 1915. Writ dated March 3, 1917.

While the action was pending, Frank S. Butterworth resigned as receiver, his resignation was accepted, and by a decree dated August 16, 1918, John S. Pullman was appointed as his successor.

The answer, besides a general denial, an allegation of payment, a statement of the alleged estoppel described in the opinion, and other defences not afterwards relied on, set up the statute of limitations.

The action was referred to an auditor.

As to the circumstances of the purchase of stock by the defendant, the auditor found that she purchased ten shares of the preferred stock, par value $100, at $95 per share, and received as a bonus five shares of common stock; that the common stock then issued to her originally was issued to one Gilbert under the circumstances described in the opinion, and by him was turned

back to the corporation, and that the defendant was induced to purchase the stock by false representations, not known to her to be so, that it was "fully paid and non-assessable."

Among facts found by the auditor, which are material to the defence of the statute of limitations, were the following:

The defendant purchased her stock on July 10, 1908. The decree of the District Court of the United States for the District of Connecticut appointing a receiver of the Gilbert Transportation Company was issued on October 5, 1909. On April 24, 1911, a decree was issued in the same proceeding directing the receiver "to call upon the stockholders in said company to pay the unpaid, if any there be, par value of the stock held by each of them respectively," and to institute suits to recover such sums. On April 24, 1913, upon a petition by certain stockholders for leave to intervene, Holt, J., of that court rendered a decision to the effect that the decree of April 24, 1911, should not have issued until there had been a preliminary assessment, and by his order a decree was issued on June 2, 1913, appointing a special master to make such assessment. On March 17, 1915, a decree was issued whereby the special master's report was confirmed, the stockholders were assessed in accordance with a schedule annexed to the report, and it was recited: "the stay of the proceedings against stockholders is vacated; and the receiver is ordered to collect said assessment by suit if necessary and he is authorized to proceed with the pending suits against stockholders or to institute new suits, as may seem to him most desirable in the premises; provided, however, that the question whether any stockholder acquired his particular stock in good faith and without notice of any unpaid balance thereon, and the circumstances under which his particular stock was acquired by him, and whether such facts may be a defence in an action to collect the assessment or may be material in such an action, have not been inquired into or determined herein, these matters being left for presentation in the suits to collect the individual assessments."

This action is founded upon the last decree. The defendant received notices as to all the proceedings above described.

Other material findings of the auditor are described in the opinion.

The action was heard by *Hammond,* J., without a jury. The

plaintiff offered the report of the auditor. The defendant objected to its admission because it contained the record of the proceedings in the Circuit Court and in the District Court of the United States for the District of Connecticut, each of which the defendant contended were "proceedings in another jurisdiction wherein an assessment is made against the defendant by reason of a court proceeding which is not binding upon the defendant." The objections were overruled and the report was admitted. There was no other evidence. The defendant moved for a finding in her favor. The motion was denied. The defendant then asked for the following rulings:

"1. On all the pleadings and evidence, the action described in the plaintiff's writ and declaration did not accrue within six years prior to the suing out of the plaintiff's writ.

"2. That the proceedings, judgments and decrees 'in the . . . [suit] . . . in the Circuit Court of the United States within and for the District of Connecticut and in the . . . [suit] . . . in the District Court of the United States for the District of Connecticut, are not binding upon the defendant in this action.

"3. That no legal order of assessment against the defendant has been made by any court·having jurisdiction of the matter as against the defendant.

"4. That if by offer of Mark Gilbert, dated July 21, 1905, contained in auditor's report, wherein he offered to transfer certain property to the corporation in payment for stock, which offer was accepted by the directors, and if after said acceptance all of the common stock of the company outstanding was issued pursuant to said offer of said Gilbert and later one-half ($\frac{1}{2}$) of said common stock became his own property and the other one-half ($\frac{1}{2}$) went into the treasury of the corporation to be used as a bonus in the sale of preferred stock and bonds, and if the stock held by the defendant is part of the common stock issued to Mark Gilbert and by him transferred back to the corporation, then the common stock held by the defendant and on which suit is brought in this case, was treasury stock and defendant is not liable for assessment thereon.

"5. That if the defendant purchased her stock of an agent of the company authorized to sell its stock and if the defendant was told by said agent that said stock was fully paid and non-

assessable, and if said statements were not true, and if said agent knew or ought to have known they were not true, and if defendant relied upon and believed the representations made and if she was deceived thereby so that she would not have bought preferred stock or bonds or taken the common stock if she had not believed the common stock was fully paid and non-assessable, then the plaintiff is estopped in law and equity in maintaining this action against the defendant.

"6. That if the defendant purchased her stock of an agent of the company authorized to sell its stock and if the defendant was told by said agent that said stock was fully paid and non-assessable, and if said statements were not true, and if said agent knew or ought to have known they were not true, and if defendant relied upon and believed the representations made and if she was deceived thereby so that she would not have bought preferred stock or bonds or taken the common stock if she had not believed the common stock was fully paid and non-assessable, then the plaintiff is estopped as a matter of public policy in maintaining this action in this Commonwealth against the defendant, a citizen of this Commonwealth.

"7. On all the pleadings and the evidence the plaintiff is not entitled as a matter of public policy to maintain this action against the defendant, a citizen of this Commonwealth, in the courts of this Commonwealth."

The judge refused to rule as requested, found the facts to be as stated in the auditor's report, ruled that under the pleadings and evidence the plaintiff was not estopped from collecting the unpaid balance upon the stock in question, that the statute of limitations did not run against the plaintiff so as to prevent recovery in this action, and that the plaintiff was entitled as a matter of law to recover upon the auditor's findings; and found for the plaintiff in the sum of $550 with interest from April 22, 1915. The defendant alleged exceptions.

*R. L. Davenport*, for the defendant.

*A. L. Green*, for the plaintiff.

DE COURCY, J. This action of contract is brought by the receiver of the Gilbert Transportation Company, a Connecticut corporation, to recover from a Massachusetts stockholder the balance alleged to be due on the stock standing in her name on

the books of the company. The facts are not in dispute. The defendant in July, 1908, purchased from an agent of the company ten shares of the preferred stock of the corporation at $95, and received five shares of the common stock as a bonus, in accordance with the terms of the company's prospectus. The corporation became financially involved, and a receiver was appointed by the District Court of the United States for the District of Connecticut in October, 1909. A special master appointed by that court found that the company's indebtedness was so large that it was necessary to assess stockholders for the full amount of the unpaid par value of the stock. The district court on March 17, 1915, entered a "judgment and order for assessment against stockholders," ordering the receiver to collect by suit if necessary. The defendant was assessed $500 on the common stock, and the unpaid balance of $50 on the preferred stock.

1. It is clear that the decree of the District Court of the United States for the District of Connecticut is binding upon the defendant, except as to "personal defences." As was said by Knowlton, J., in *Howarth* v. *Lombard,* 175 Mass. 570, 576, 577: "The stockholders must be assumed to have understood the statute from the first as it has been construed by the court. They must be presumed to have agreed that on the insolvency of the corporation a receiver might be appointed by the court, and the affairs of the corporation administered, and the amount of its assets and liabilities determined, and the deficiency ascertained under the order of the court, and an assessment to meet this deficiency made ratably upon all who were then stockholders. . . . Under the statute the stockholders impliedly agreed that if their subscriptions were in part unpaid when they were needed for creditors, they would pay the balance to the corporation or its legal representative. . . . The members of such corporations, as well as the corporations themselves, are within the jurisdiction of the local court so far as is necessary for the determination of the rights and liabilities of the corporation and its members among themselves. In reference to this kind of liability such decisions and orders are binding on stockholders who are not before the court otherwise than by virtue of their membership in the corporation." See also *Converse* v. *Ayer,* 197 Mass. 443. The District Court of the United States for the District of Connecticut could order

the assessment without the presence of or personal service on the stockholders. *Bernheimer* v. *Converse,* 206 U. S. 516, 532. *Francis* v. *Hazlett,* 192 Mass. 137.

The auditor has found that the common stock held by the defendant is part of the common stock issued to one Mark Gilbert, and then turned back by him to the corporation. The defendant accordingly contends that the stock had been fully paid for when she acquired it. Even assuming that she could thus collaterally attack the decree of the District Court of the United States for the District of Connecticut in *Rosoff* v. *Gilbert Transportation Co.* 221 Fed. Rep. 972, wherein the necessity and extent of the assessment were determined, it would not avail her in view of the facts shown by this record. It appears that there was no compliance with the statutory requirements where stock is paid for otherwise than by cash. It further appears that "The options and other things of claimed cash value were never put on the books of the company and never counted into the company's assets in any way. This so called property had no value and was not delivered to the company;" and "The master . . . found that the books of the company showed that no property was in fact delivered to the company in payment for the common stock, and that no common stock was issued because of any property turned over to the company." No evidence to show the contrary was offered by the defendant. It was held in *In re Monarch Corporation,* 203 Fed. Rep. 664, that under the Connecticut corporation act a stockholder who has received and retained certificates representing full paid-up stock in exchange for property, which he has failed to transfer, is liable for the par value of his stock as on an unpaid cash subscription. The law in force as to stockholders' liability when the defendant became a stockholder, and since, as found by the auditor, was the Pub. Sts. of Conn. 1903, c. 194, § 16, which provides that "Every stockholder, whether an original subscriber or not, shall be liable for any balance due on the stock held by him. If a corporation is placed in the hands of a receiver . . . such receiver . . . shall have the powers of the board of directors in calling in instalments on stock." See *Stamford Trust Co.* v. *Yale & Towne Manuf. Co.* 83 Conn. 43, 51.

2. In *Rosoff* v. *Gilbert Transportation Co. supra,* at page 979,

the question "whether any stockholder is liable to respond to the assessment because of individual defences" was left to be determined in the suits to collect the assessments. See 221 Fed. Rep. 979. The first personal defence claimed by the defendant, and raised by requests for rulings in the Superior Court, is that of equitable estoppel. It is based on the finding of the auditor that she was deceived in the purchase of the stock by the misrepresentation of the corporation's agent, that the stock was fully paid and non-assessable. It was said by Thomas, J., in the Rosoff case, *supra,* at page 985, with citation of Connecticut authorities: " . . . under the Connecticut law, while a stockholder is not liable for the debts of the corporation, he is bound to pay the par value for his stock, and any scheme to avoid doing so by agreement with the corporation is *ultra vires* and void." In *New Haven Trust Co.* v. *Gaffney,* 73 Conn. 480, where a life insurance company had issued its stock to the defendant at sixty-five per cent of its face value, and the action was brought by a receiver to recover the balance, it was said by the court (page 485): "The defendant, by taking the shares in question, became, under his contract of membership, liable to pay $100 for each of them. The condition that less was to be accepted, being *ultra vires,* was void." The same principle seems to have been applied in the case of ordinary corporations since said corporation act of 1903. See *Stamford Trust Co.* v. *Yale & Towne Manuf. Co. supra; United German Silver Co.* v. *Bronson,* 92 Conn. 266. See also *Mann* v. *Cooke,* 20 Conn. 178; *Northrop* v. *Bushnell,* 38 Conn. 498. Whatever remedy the defendant might have had before the appointment of a receiver, we are of opinion that in this action brought by the receiver for the benefit of creditors, to recover the difference between the par value of her stock and what was actually paid to the corporation for it when it was issued, she cannot avoid the liability created by the Connecticut statutes, by setting up the fraud of the corporation. See 7 R. C. L. §§ 341, 393; 5 Ann. Cas. 667 note; 16 Ann. Cas. 178 note.

3. The defendant pleads the statute of limitations. The writ in this case was dated March 3, 1917. The defendant contends that the statute commenced to run when she acquired her stock, July 10, 1908, or at the latest on October 5, 1909, when the receiver was appointed. The plaintiff contends that it did not

begin to run until the judgment and order of assessment, March 17, 1915. Under the Massachusetts statute, R. L. c. 202, § 2, which admittedly was applicable, the action must be brought "within six years next after the cause of action accrues."

It was held in *Scovill* v. *Thayer*, 105 U. S. 143, that no cause of action accrues in favor of assignees in bankruptcy to recover unpaid subscriptions of stock until a court of competent jurisdiction orders an assessment. It was said by the court (page 156): "Upon the bankruptcy of the company his [the stockholder's] obligation was to pay to the assignees, upon demand, such an amount upon his unpaid stock as would be sufficient, with the other assets of the company, to pay its debts. He was under no obligation to pay any more, and he was under no obligation to pay anything until the amount necessary for him to pay was at least approximately ascertained. Until then his obligation to pay did not become complete. . . . Until these things were done the cause of action against the stockholder did not accrue, although his primary obligation was assumed at the time when he subscribed the stock." In *Bernheimer* v. *Converse*, 206 U. S. 516, 534, 535, it was said: "The cause of action did not accrue until the receiver could sue upon the assessment after the stockholder had failed to pay, as required by the order of the Minnesota court." See also *Hawkins* v. *Glenn*, 131 U. S. 319; *Glenn* v. *Marbury*, 145 U. S. 499; *Cumberland Lumber Co.* v. *Clinton Hill Lumber Manuf. Co.* 12 Dick. 627; *Lewisohn* v. *Stoddard*, 78 Conn. 575. The general rule that in cases like this the statute of limitations does not begin to run until after the assessment is ordered, was recognized in *Howarth* v. *Lombard*, 175 Mass. 570, 575, and in *Francis* v. *Hazlett, supra.* While none of the cases cited involves the statute under consideration some of them were relied upon by the district judge. In *Rosoff* v. *Gilbert Transportation Co.* 204 Fed. Rep. 349, it was said: "In the case of a solvent corporation, while a going concern, the directors, in their discretion, can call in all amounts unpaid on stock subscriptions; but in the case of a bankrupt corporation the trustee can only sue the stockholders for such amounts as have been determined by a preliminary investigation and assessment to be necessary to pay the debts and expenses. . . . But it is at least doubtful in this case whether the valid debts are sufficient to require a call

for the entire unpaid subscriptions." And the judge then referred the case to a master to determine the amount necessary to be assessed. The case of *Baker* v. *Atlas Bank,* 9 Met. 182, relied upon by the defendant, is distinguishable on the facts. See *Commonwealth* v. *Cochituate Bank,* 3 Allen, 42, 47, 50.

We are of opinion that on the facts shown the plaintiff's cause of action did not accrue as early as when the receiver was appointed, namely, October 5, 1909. See 7 R. C. L. 412; 1 L. R. A. (N. S.) 901 note. That is enough to dispose of the defence of the statute of limitations.

We have considered all the questions argued by the defendant. As no reversible error has been shown, the entry must be

*Exceptions overruled.*