ERVIN J. FRIEDE, receiver, *vs.* WILLIAM B. SPROUT.

Suffolk. January 14, 1936. — June 1, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Corporation*, Stockholder. *Bank. Contract*, What constitutes. *Jurisdiction*, Nonresident defendant, Receivership proceedings. *Receiver*.

The liability of a stockholder in a Federal joint stock land bank for its contracts and debts, as established by U. S. C. Title 12, c. 7, § 812, is contractual and transitory and may be enforced against him wherever he is found.

An assessment levied upon the stockholders of such a bank in equity proceedings by creditors in a Federal court for the district of the bank's domicil, was binding upon a stockholder in another State though he was served only by publication and did not appear in the proceedings.

A receiver appointed by the court in such proceedings and vested with title to the claims against the stockholders resulting from such assessment could enforce the claim against a Massachusetts stockholder in an action here, without ancillary appointment here.

CONTRACT. Writ in the Superior Court dated August 1, 1935.

A demurrer to the declaration was overruled by order of *Dowd*, J., who reported his order.

*W. R. Bigelow*, for the defendant.

*T. Hunt*, for the plaintiff.

LUMMUS, J. The plaintiff, a resident of Minnesota, is the receiver, appointed by the Federal Farm Loan Board, *

---

\* "Upon default of any obligation, Federal land banks and joint stock land banks may be declared insolvent and placed in the hands of a receiver by the Federal Farm Loan Board, and proceedings shall thereupon be had in accordance with the provisions of this section regarding national farm loan associations." Act of July 17, 1916, c. 245, § 29, 39 U. S. Sts. at Large, 381. U. S. C. Title 12, c. 7, § 963. The reference to national farm loan associations discloses nothing of value in the present case.

of an insolvent joint stock land bank known as Southern
Minnesota Joint Stock Land Bank of Minneapolis, incorpo-
rated on June 25, 1919, under the Federal Farm Loan act.
Act of July 17, 1916, c. 245, 39 U. S. Sts. at Large, 374;
U. S. C. Title 12, c. 7, §§ 641, *et seq.* *Smith* v. *Kansas City
Title & Trust Co.* 255 U. S. 180. Under that act, every stock-
holder is liable for the debts of the bank to the extent of
the par value of the stock held by him.* On July 28, 1932,
creditors brought a bill in the United States District Court
for the District of Minnesota, on their own behalf and in
behalf of all other creditors, against the bank, its receiver,
and all stockholders, praying for the levy of an assessment
upon every stockholder to the extent of his legal liability,
and for the appointment of a receiver with power to en-
force such assessment and liability in all States. Resident
stockholders were served personally, and nonresident stock-
holders, of whom the defendant was one, were served by
publication. On April 20, 1935, the District Court, having
found that the bank was insolvent on May 2, 1932, and
thereafter, to an amount exceeding the par value of its
capital stock (*Holmberg* v. *Southern Minnesota Joint Stock
Land Bank of Minneapolis,* 10 Fed. Sup. 795), levied an
assessment upon every stockholder to the full par value
of his stock, and appointed the plaintiff, theretofore a re-
ceiver appointed by the Federal Farm Loan Board only,
the receiver vested with "the title to, and the right to
recover upon said assessment" and "full power . . . to
sue for and upon said assessment in any appropriate court
and in any state." The plaintiff qualified as such receiver.

The defendant, a resident of Massachusetts who did not
appear in the proceedings in the District Court, was on
May 2, 1932, the owner of twenty-three shares, of the par
value of $100 each, of the stock of said bank, which stood
in his name on the books of the bank. This is an action

---

* "Shareholders of every joint stock land bank organized under this Act
shall be held individually responsible, equally and ratably, and not one for
another, for all contracts, debts, and engagements of such bank to the extent
of the amount of stock owned by them at the par value thereof, in addition
to the amount paid in and represented by their shares." Act of July 17, 1916,
c. 245, § 16, 39 U. S. Sts. at Large, 374; U. S. C. Title 12, c. 7, § 812.

of contract, brought on August 1, 1935, to recover the amount of the assessment against him. The foregoing facts appeared in the declaration, to which the defendant demurred. The judge overruled the demurrer, and reported his interlocutory action in so doing, under G. L. (Ter. Ed.) c. 231, § 111.

It is plain from *Wheeler* v. *Greene,* 280 U. S. 49, that the Federal Farm Loan Board could not have levied an assessment if it had wished to do so, and that the receiver appointed by that board had no power to collect an assessment. The court said (page 52), "The receiver had power to collect the assets of the bank, but the liability of stockholders is no part of those assets. It is a liability to creditors which the creditors may be left to enforce." See also *Partridge* v. *St. Louis Joint Stock Land Bank of St. Louis,* 76 Fed. (2d) 237. It is as receiver under the decree of the District Court that the plaintiff seeks to maintain this action.

The statutory liability imposed upon stockholders, although they have fully paid for their stock, has been declared to be contractual in its nature, though it has its origin in legislation. Two things have been relied on for the creation of a contract, first, the voluntary assumption of the relation of stockholder in view of the statute declaring the liability, and, second, the act of creditors in extending credit to the corporation in reliance upon the statutory liability, whereby the obligation of the stockholders has been said to become part of every contract and engagement of the corporation. As a contractual obligation, it may be enforced wherever the stockholder may be found. *Post & Co.* v. *Toledo, Cincinnati & St. Louis Railroad,* 144 Mass. 341, 344. *Howarth* v. *Lombard,* 175 Mass. 570, 574, 575. *Broadway National Bank* v. *Baker,* 176 Mass. 294, 296. *Commissioner of Banks* v. *Prudential Trust Co.* 242 Mass. 78, 87, 88. *First National Bank of Boston* v. *Nichols, ante,* 173, 179, *Richmond* v. *Irons,* 121 U. S. 27, 55, 56. *Concord First National Bank* v. *Hawkins,* 174 U. S. 364, 372. *Whitman* v. *Oxford National Bank,* 176 U. S. 559. *Bernheimer* v. *Converse,* 206 U. S. 516. *Converse* v. *Hamilton,* 224 U. S. 243. *Early* v. *Richardson,* 280 U. S.

496. *Broderick* v. *Rosner*, 294 U. S. 629, 643. *Broderick* v. *McGuire*, 119 Conn. 83, 94. *Pulsifer* v. *Greene*, 96 Maine, 438, 445, 446. As to some of the constitutional consequences of this theory, see *Commonwealth* v. *Cochituate Bank*, 3 Allen, 42, 44; *Bernheimer* v. *Converse*, 206 U. S. 516; *Luikart* v. *Paine*, 126 Neb. 251; note, L. R. A. 1915B, 797; note, 72 Am. L. R. 1252. The former statutory liability of stockholders in Massachusetts corporations, and the existing liability of officers and directors in such corporations upon failure to comply with certain statutory requirements, have been distinguished in some particulars, but the same theory that the liability is contractual has been maintained. *Cunningham* v. *Commissioner of Banks*, 249 Mass. 401, 425, 426. *Continental Corp.* v. *Gowdy*, 283 Mass. 204, 209–211. *Frank Kumin Co. Inc.* v. *Marean*, 283 Mass. 332, 334, 335. *Standard Oil Co. of New York* v. *Back Bay Hotels Garage, Inc.* 285 Mass. 129, 134, 135. In the cases in which the statutory liability of stockholders in foreign corporations has been held unenforceable here, the statute has been deemed penal, or some condition of liability has not been satisfied, or the liability has depended wholly upon statutory machinery existing only in the State of incorporation. *Hancock National Bank* v. *Ellis*, 172 Mass. 39, 45–47. *American Spirits Manuf. Co.* v. *Eldridge*, 209 Mass. 590, 597. *Broderick* v. *Rosner*, 294 U. S. 629, 642–644.

The suit in the District Court in Minnesota, where the bank had its usual place of business if not its location for purposes of jurisdiction (*First Carolinas Joint Stock Land Bank of Columbia* v. *Page*, 2 Fed. Sup. 529), was the proper means of determining the extent of the insolvency of the bank, and the necessity and amount of an assessment upon stockholders. Where the statute provides for responsibility of stockholders "equally and ratably," it would be impracticable to reserve those questions for determination anew in every jurisdiction in which a stockholder might be found. As was said in *Howarth* v. *Lombard*, 175 Mass. 570, 576, 577, "The stockholders . . . must be presumed to have agreed that on the insolvency of the corporation a receiver might be appointed by the court, . . . and the amount of

its assets and liabilities determined, and the deficiency ascertained under the order of the court, and an assessment to meet this deficiency made ratably upon all who were then stockholders. This is the only proper way of accomplishing the object of the statute. . . . The undertaking of the stockholders relates directly to the payment of amounts, so to be ascertained. The ascertainment is like a common case of a judgment against a corporation which is binding on stockholders. The members of such corporations, as well as the corporations themselves, are within the jurisdiction of the local court so far as is necessary for the determination of the rights and liabilities of the corporation and its members among themselves. In reference to this kind of liability such decisions and orders are binding on stockholders who are not before the court otherwise than by virtue of their membership in the corporation." Such a suit bears some resemblance to a class suit, in which the entire class is bound by the decree. *Martin* v. *Smith*, 286 Mass. 227, 233.

The act of Congress may furnish a scanty verbal basis for inferring that such a proceeding.for an assessment was contemplated by the statute itself, but no more scanty than the basis afforded by the statute of Washington considered in *Howarth* v. *Lombard*, 175 Mass. 570. The practical necessity of such a proceeding justifies the inference. *Clark* v. *Knowles*, 187 Mass. 35. *Francis* v. *Hazlett*, 192 Mass. 137. *Converse* v. *Ayer*, 197 Mass. 443. *Miller* v. *Aldrich*, 202 Mass. 109. *Stone* v. *Old Colony Street Railway*, 212 Mass. 459, 462. *Butterworth* v. *Ross*, 238 Mass. 279. *Bernheimer* v. *Converse*, 206 U. S. 516. *Converse* v. *Hamilton*, 224 U. S. 243. *Marin* v. *Augedahl*, 247 U. S. 142. *Broderick* v. *Rosner*, 294 U. S. 629, 643, 644. *Chandler* v. *Peketz*, 297 U. S. 609. *Washington Loan & Trust Co.* v. *Allman*, 63 App. D. C. 116.

The defendant contends that the receiver appointed by the District Court in Minnesota has no right to maintain an action here, without an ancillary appointment in this Commonwealth. It is true that where a receiver has no authority except by the appointment of a court of equity,

he has no extraterritorial rights. *Homer* v. *Barr Pumping Engine Co.* 180 Mass. 163. *Great Western Mining & Manuf. Co.* v. *Harris*, 198 U. S. 561. *Grant* v. *A. B. Leach & Co. Inc.* 280 U. S. 351. *Oakes* v. *Lake*, 290 U. S. 59, 61. Of course the power of a court of equity over the parties may be exercised to require the transfer of title to the receiver, who may then sue anywhere upon the same terms as any other grantee or assignee. *Pouliot* v. *West India Fruit Co.* 283 Mass. 182. Any further extraterritorial power must be derived from legislation. *Sterrett* v. *Second National Bank of Cincinnati*, 248 U. S. 73. In the present case, as in *Howarth* v. *Lombard*, 175 Mass. 570, 579, "the receiver . . . is charged with the administration of a trust fund which does not take form or come into actual existence until after his appointment, and he is the only person who can collect it. By virtue of his official relation to the corporation and its creditors he is the owner of the legal title to this fund as a trustee for the creditors. A suit could not have been brought in the name of the corporation, and he is the only person who can now, or who ever could, legally demand and collect the money." As was said in *Bernheimer* v. *Converse*, 206 U. S. 516, 534, "the statute confers the right upon the receiver, as a *quasi* assignee, and representative of the creditors, and as such vested with the authority to maintain an action." We think that the plaintiff may maintain an action in the courts of this Commonwealth. See also *Miller* v. *Aldrich*, 202 Mass. 109, 114; *Good* v. *Derr*, 46 Fed. (2d) 411; *Martin* v. *Partridge*, 64 Fed. (2d) 591; *Oakes* v. *Lake*, 290 U. S. 59, 62; *Broderick* v. *Rosner*, 294 U. S. 629, 641. Beale, Conflict of Laws, §§ 564.1, 566.1.

*Order overruling demurrer affirmed.*