### CAPILLO v. BRISTOL PACKING CO.

(District Court, N. D. California. December 20, 1901.)

No. 12,482.

SEAMEN—INCOMPETENCY—RIGHT OF MASTER TO DISCHARGE.

The fact that a mariner is found after trial not to be competent to perform the service for which he engaged in a satisfactory manner will not justify the master in discharging him in a distant port, before the expiration of his terms of service, but he may be put to a different service, and a proper deduction may be made from his wages.

In Admiralty. Libel by seaman to recover wages.

H. Digby Johnston, for libelant.

H. W. Hutton, for respondent.

DE HAVEN, District Judge. It is shown by the evidence that the libelant was not competent to properly discharge the duties of

cook, for which service he shipped. The master of the defendant was not, however, justified in discharging the libelant in a distant port in Alaska for that reason. The contract of the libelant was to serve as cook on the Geneva for the round trip from San Francisco to Bristol Bay, in Alaska, and return. "When a mariner contracts for a particular service or duty on board a vessel, he engages both for fidelity in the performance of that duty, and for that capacity and those qualities which will enable him to perform the service in a satisfactory manner. If the master finds, upon trial, that there is on the part of the man either a want of fidelity or a want of capacity which disqualifies him for the service, he will be justified in putting him upon a different duty. And in such a case the master will also be justified, not in refusing altogether to pay him wages, but in making from them a reasonable deduction." Sherwood v. McIntosh, Ware, 109, Fed. Cas. No. 12,778. And in Curt. Merch. Seam. p. 149, it is said:

"Incompetency for the station contracted for is not, however, by the general maritime law, a valid reason for a discharge in a foreign country. The mariner may be degraded, or his compensation may be diminished; but I apprehend that the French rule (if it be one) is an exception to the more universal rule, and that a merely innocent incompetency is not alone a sufficient ground for dismissing the seaman altogether from the service of the vessel."

The fact that the port where libelant was discharged was not in a foreign country is not sufficient to render the rule just stated inapplicable to the present case.

The clause in the shipping articles giving to the master or agent of the defendant the right to discharge the libelant for a failure to properly perform the duties for which he shipped was not read or explained to the libelant, and is not binding upon him. The defendant contracted to pay the libelant the sum of $50 per month for the round trip, but, on account of libelant's inability to satisfactorily discharge the duties for which he was employed, a deduction from the amount agreed upon should be made. In my opinion, the libelant is entitled to recover for the whole time for which he was shipped at the rate of $35 per month, and upon this basis he is entitled to a decree for the sum of $167.50 and costs.

Let such decree be entered.