## THE ANNIE.

(District Court, S. D. New York. October 15, 1904.)

1. SEAMEN—WAGES—DISCHARGE BY CONSUL FOR INSUBORDINATION.

The discharge of seamen by the United States consul at the port where the outward voyage terminated, because of their insubordination and refusal to assist in discharging cargo as required by their articles, *held* justified, and to defeat their claim for wages during the return voyage.

In Admiralty. Suit by seamen to recover wages

Daly, Hoyt & Mason and Roy M. Hardy, for libellants.

Wing, Putnam & Burlingham, for claimant.

ADAMS, District Judge. This action was brought by the libellants, Edward Jorgensen and Anthony Nelson, to recover wages claimed to be due at the rate of $30 per month from September 21st 1903, the date of their detention in St. Thomas, West Indies, to the 7th day of December following, when the vessel reached New Haven, Connecticut, her port of discharge, with penalties for non-payment amounting to $200 each. The defence is that the libellants refused to assist in discharging cargo, which it was their duty to do, and became intoxicated, disorderly, violent and insubordinate and were summoned before the United States Consul, before whom they had a hearing and were duly discharged in accordance with law.

The evidence shows that the men agreed in the shipping articles to handle all cargoes and ballast required. There was no trouble on the outward voyage but, on reaching St. Thomas, they refused to discharge cargo and altercations arose between the men and the officers of the vessel, which resulted in the master calling in the services of the United States Consul, who after a hearing discharged them for insubordination. The master thereupon paid the Consul the wages then due and took his receipt for them. To avoid further trouble the Consul detained the men while the vessel sailed.

The libellants have doubtless suffered some hardship from the Consul's act but are not entitled, in view of their insubordinate conduct, to any redress from the vessel. The master's act was fully justified and the libel must be dismissed.